UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY FOX and RITA FOX. Individually and as Parents of C.F.<br><br>Plaintiffs<br><br>-vs-<br><br>MAINE DEPARTMENT OF EDUCATION COMMISSIONER PENDER MAKIN, MAINE SCHOOL ADMINISTRATIVE DISTRICT 51,<br>SUPERINTENDENT JEFFREY PORTER, PRINCIPAL SALLY LOUGHLIN, and VICE PRINCIPAL COREY MUNSEY Individually and in their Official Capacities<br><br>Defendants | Civil Action No.: 2:22-cv-00251-GZS |

### PLAINTIFFS' AMENDED COMPLAINT

NOW COME Plaintiffs Gregory Fox and Rita Fox, individually and as parents of C.F., and hereby assert the following claims against Defendants Maine Department of Education Commissioner Pender Makin, Maine School Administrative District 51, Superintendent Jeffrey Porter, Principal Sally Loughlin, and Vice Principal Corey Munsey, individually and in their official capacities:

**A.     JURISDICTION**

1. This action is brought pursuant to Title 42 U.S.C. §1983.

2. The Plaintiffs seek equitable relief, damages, attorney's fees, expert fees, and costs pursuant to Title 42 U.S.C. §§1983 and 1988.

3. This court has subject matter jurisdiction over this action pursuant to Title 28 U.S.C. §1331.

4. This court has personal jurisdiction over the Defendants pursuant to M.R.Civ.P. 4(k)(1)(A) and Title 14 M.R.S. §704-A.

5. Venue is proper in the District of Maine pursuant to Title 28 U.S.C. §1391(b)(1) and (2).

### B. THE PARTIES

6. Plaintiffs Gregory and Rita Fox are residents of the Town of Cumberland, County of Cumberland, and State of Maine.

7. The Plaintiffs are the parents of C.F.

8. C.F. is 7 years old and entered the second grade in August of 2022.

9. The State of Maine is a sovereign state and governmental entity, headquartered in the City of Augusta, County of Kennebec, and State of Maine.

10. The Maine Department of Education is an agency of the State of Maine, headquartered in the City of Augusta, County of Kennebec, and State of Maine, and is responsible for implementing and enforcing Maine laws concerning education in the State of Maine.

11. Defendant Pender Makin is the Commissioner of the Maine Department of Education and, as such, is ultimately responsible for implementing and enforcing Maine laws concerning education in the State of Maine.

12. Defendant School Administrative District 51 ("MSAD 51") is the governmental entity that governs the public schools in the Town of Cumberland, State of Maine.

13. Defendant Jeffrey Porter is the head of MSAD 51 and is the Superintendent of Schools in the Town of Cumberland, State of Maine.

14. At all times relevant to this action, Defendant Sally Loughlin was the principal of the Mabel I. Wilson Elementary School in the Town of Cumberland, State of Maine.  Upon information and belief, she has recently retired from that position.

15. At all times relevant to this action, Defendant Corey Munsey was the vice principal of the Mabel I. Wilson Elementary School in the Town of Cumberland, State of Maine.  Upon information and belief, he is now the principal of the Mabel I. Wilson Elementary School in the Town of Cumberland, State of Maine.

### C.  FACTUAL BACKGROUND

16. Maine law, Title 20-A M.R.S. §6355, provides, in pertinent part:

    "A superintendent may not permit any child to be enrolled in or to attend school without a certificate of immunization for each disease or other acceptable evidence of required immunization or immunity against the disease..."

17. Pursuant to their joint rulemaking authority, the Maine Department of Education and the Maine Center for Disease Control have listed 10 diseases as "diseases" against which a student must be vaccinated.

17.1. While the 10 diseases listed by the MDOE and the MCDC are commonly referred to as "childhood diseases," in fact most of them are contracted and spread by adults well.

18. Title 20-A M.R.S. §6355 lists three exceptions to the vaccination requirement:

> A. If the parents agree to have their child get the required vaccinations within 90 days of entering school [exemption 1];
>
> B. If the child has a written statement from a licensed medical provider that it would be medically inadvisable for the child to take a vaccination [exemption 2]; or
>
> C. If the child was covered by an individualized education plan on September 1, 2021 and had been granted a philosophical or religious exemption by that date [exemption 4].

18.1. Each of these three exemptions pose a risk that is comparable to the risk of unvaccinated religious objectors attending school.

18.2. In particular, allowing new students to attend school without being vaccinated for 90 days poses the same risk of spreading diseases throughout the school as allowing unvaccinated religious objecting students to attend school would pose... at least for the first 90 days of each new student's attendance.

18.3. Similarly, allowing students with medical exemptions to attend school without being vaccinated poses the same risk of spreading diseases throughout the school as allowing unvaccinated religious objecting students to attend school would pose.

18.4 And allowing students covered by individualized education plans on September 1, 2021 with philosophical or religious exemptions in place on that date to attend school without being vaccinated poses the same risk of spreading diseases throughout the school as allowing unvaccinated religious objecting students to attend school would pose... at least until that exemption "sunsets" in 2033.

18.5.   Furthermore, Maine law - including but not limited to Title 20-A M.R.S. §6355 - is underinclusive because neither §6355 nor any other law, rule, or regulation in Maine requires teachers, principals, school staff, janitors, volunteers, visitors - either adults or children - or other non-students to get the vaccinations before coming to school, even though they pose an identical risk of harm of spreading diseases throughout the school as unvaccinated students with religious objections.

19.   Previously, Title 20-A M.R.S. §6355 provided that any student could be exempted from the vaccination requirement for philosophical or religious reasons [exemption 3]. However, that exemption was deleted from the state statute on September 1, 2021.

20.   While the state statutory exemption for religious objections was deleted from Maine law, the change in that statute did not, and could not, delete the Free Exercise of Religion clause from the First Amendment to the U.S. Constitution.

21.   However, Defendant Makin has informed, directed, and ordered Defendants Porter, Loughlin, and Munsey (hereinafter collectively the "School Defendants"), and all other educators in this State, that children can no longer get religious exemptions from the vaccination requirement.

21.1.   That is the official policy of the Maine Department of Education.

21.2   As Commissioner of the Maine Department of Education, Defendant Makin has the statutory authority and duty to make sure that school superintendents - such as Defendant Porter - enforce §6355 and enforce it correctly. Title 20-A M.R.S.

§251-A (1), §253, §254, and §2.

21.3  Under Title 20-A M.R.S. §6801-A, Defendant Makin could force school superintendents - including Defendant Porter - to enforce her "no religious exemptions" policy by:

    A.  Removing state funding from schools in MSAD 51 (§-6801-A (1)); and

    B.  Referring the matter to the Attorney General to seek injunctive relief and other remedies against the School Defendants (§-6801-A (3)).

21.4.  In addition, under Title 20-A M.R.S. §6801-A (4), the Commissioner could do any number of other things to enforce her policy on Superintendent Porter and MSAD 51, including but not limited to :

    A.  Revoking Superintendent Porter's superintendent's certificate (§1051 and §13020); and/or

    B.  Closing the school buildings in MSAD 51 as being "unsafe." (§4102 (2))

22.  The Plaintiffs have sincerely held religious convictions that prevent them from having C.F. get vaccinated. In particular, God has impressed on them that they should not have their children vaccinated, and that to do so would be to disobey God !

23.  C.F. went to Mabel I. Wilson Elementary School for kindergarten during the 2000-2021 school year, and was granted a religious exemption from taking the vaccinations that school year.

24.  C.F. was enrolled at the Mabel I. Wilson Elementary School for the first grade

during the 2021-2022 school year.

25. However, Defendants Principal Sally Loughlin and Vice Principal Corey Munsey denied the Plaintiffs a religious exemption for C.F., stating that religious exemptions were no longer allowed under state law, and refused to let C.F. attend school for the 2021-2022 school year.

26. Furthermore, in May of 2022 Defendant Superintendent Jeffrey Porter "unenrolled" C.F. from the Mabel I. Wilson Elementary School, with the explanation that Maine law had changed and that students could no longer get religious exemptions from the vaccination requirement.

27. The School Defendants have told the Plaintiffs that C.F. cannot enroll in or attend the Mabel I. Wilson Elementary School until he gets his vaccinations, and that he cannot get a religious exemption to the vaccination requirement.

28. Because of the Plaintiffs' religious convictions and their refusal to have C.F. get the 15 doses of vaccines required, the Defendants have refused to allow C.F. to enroll in public school.

29. The Plaintiffs have made Defendants Loughlin, Munsey, Porter, and MSAD 51 aware of their religious convictions and have requested a religious exemption for C.F. under the First and Fourteenth Amendments to the U.S. Constitution, but the Defendants say they cannot grant C.F. a religious exemption because Title 20-A M.R.S. §6355 does not allow it.

30. However, the Defendants are not requiring C.F.'s brother and several other

students, who have raised philosophical or religious objections to the vaccinations, and who had individualized education plans in place by September 1, 2021, to get the vaccinations before coming to school, even though they pose an identical risk of harm of spreading diseases throughout the school as unvaccinated students with religious objections.

31. C.F. has attention deficit disorder, like his brother, and would qualify for an individualized education plan, if he was allowed to be enrolled in school and was tested.

31.1. In addition, the Defendants are not requiring new students to get vaccinated until 90 days after the start attending school, even though they pose an identical risk of harm of spreading diseases throughout the school as unvaccinated students with religious objections.

32. In addition, the Defendants are not requiring students with medical conditions to get vaccinations before coming to school, even though they pose an identical risk of harm of spreading diseases throughout the school as unvaccinated students with religious objections.

33. In addition, the Defendants are not requiring teachers, principals, school staff, janitors, volunteers, visitors (either adults or children), and other non-students to get the vaccinations before coming to school, even though they pose an identical risk of harm of spreading diseases throughout the school as unvaccinated students with religious objections.

33.1. Altogether, it has been estimated that between 20% and 50% of the individuals who populate public schools in Maine are not required to be vaccinated.

### D.  LEGAL CLAIMS

### Count I.  -  Freedom of Religion / Religious Discrimination

34. Title 20-A M.R.S. §6355 is not generally applicable to all people similarly situated.

35. The plain language of Title 20-A M.R.S. §6355 violates the First and Fourteenth Amendments to the U.S. Constitution, and violates the Plaintiffs' First and Fourteenth Amendment rights to Free Exercise of Religion.

36. The manner in which the Defendants are interpreting Title 20-A M.R.S. §6355 violates the First and Fourteenth Amendments to the U.S. Constitution, and violates the Plaintiffs' First and Fourteenth Amendment rights to Free Exercise of Religion.

37. The manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 violates the First and Fourteenth Amendments to the U.S. Constitution, and violates the Plaintiffs' First and Fourteenth Amendment rights to Free Exercise of Religion.

38. The manner in which the Defendants are interpreting and/or enforcing Title 20-A M.R.S. §6355's  vaccination requirement against C.F. constitutes religious discrimination and violates the Plaintiffs' First and Fourteenth Amendment rights to Free Exercise of Religion.

39. The Defendants have no compelling interest to engage in such religious discrimination, nor have they enforced Title 20-A M.R.S. §6355 in a manner that is narrowly-tailored to achieve any such interest.

40. Title 20-A M.R.S. §6355 and/or the manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 does not survive strict scrutiny, and is therefore unconstitutional.

41. Title 20-A M.R.S. §6355 and/or the manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 does not even survive rational basis scrutiny, and is therefore unconstitutional.

41.1. The legal principle that governments and government employees cannot discriminate against citizens with religious objections by interpreting and enforcing a law against them when the law has exclusions for other groups and is substantially underinclusive - in that it does not apply to other groups of people who pose comparable risks to those with religious objections - was firmly established prior to 2022.  See: *Employment Division -v.- Smith*, 494 U.S. 872 (1990); *Church of Lukumi Babalu Aye -v.- City of Hialeah*, 508 U.S. 520 (1993); *Fulton -v.- City of Pennsylvania*, 141 S.Ct. 1868 (2020; and *Tandon -v.- Newsom*, 141 S.Ct. 1294 (2021).

41.2. Defendant Makin knew or reasonably should have know of this well established legal principle when she made her policy for the Department of Education that no students would be allowed exemptions from the vaccination requirement because

of religious objections, despite the fact that so many other people posing comparable risks were excluded or exempt from the vaccination requirement.

41.3. Similarly, the School Defendants knew or reasonably should have know of this well established legal principle when they decided that C.F would not be allowed to attend school until he was vaccinated, despite being told of the Plaintiffs' religious objections.

41.4. Defendant Makin's directive and order to the School Defendants forced Defendants Loughlin and Munsey to deny the Plaintiffs a religious exemption for C.F., to advise the Plaintiffs that religious exemptions were no longer allowed under state law, and to refuse to let C.F. attend school for the 2021-2022 school year.

41.5. Defendant Makin's directive and order to the School Defendants forced Defendant Porter to "unenroll" C.F. from school, and caused him to inform the Plaintiffs that children can no longer get religious exemptions from the vaccination requirement, so C.F. could not return to school until he gets the vaccinations.

41.6. In the alternative, if Defendant Makin's directive and order did not force Superintendent Porter to deny the Plaintiffs' request for a religious exemption and to "unenroll" C.F. from school, then Defendant Porter independently decided and made a policy for MSAD 51 that religious exemptions could no longer be granted to the vaccination law and independently decided to "unenroll" C.F. from school.

41.7. And in the alternative, if Defendant Makin's directive and order to the School

       Defendants did not force Defendants Loughlin and Munsey to deny the Plaintiffs a religious exemption for C.F., then they independently decided to deny the Plaintiffs a religious exemption for C.F.

41.8   The Defendants' unconstitutional actions have deprived C.F. and the Plaintiffs of their right to a free public education under Maine law. Title 20-A M.R.S. §2(1).

42.   As a proximate result of the Defendants' religious discrimination and/or violation of the Plaintiffs' First and Fourteenth Amendment rights, the Plaintiffs have sustained damages, including but not limited to:

       a. Loss of income;

       b. Expenses to enroll C.F. in private school; and

       c. Expenses to transport C.F. to and from his private school.

WHEREFORE, the Plaintiffs request that the Court find that Title 20-A M.R.S. §6355 is unconstitutional on its face, or is unconstitutional as applied against the Plaintiffs. Further, the Plaintiffs request that the Defendants be ordered to allow C.F. to enroll at Mabel I. Wilson Elementary School and that they be enjoined from requiring him to get the required vaccinations.

IN ADDITION, the Plaintiffs demand judgment against the Defendants in an amount that is fair and reasonable to compensate them for their injuries and damages, with interest and costs.

FINALLY, the Plaintiffs seek an award of attorney's fees and expert fees under

Title 42 U.S.C. §1988.

### Count II. - Equal Protection

43. Title 20-A M.R.S. §6355 is not generally applicable to all people similarly situated.

44. The plain language of Title 20-A M.R.S. §6355 violates the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution, and violates the Plaintiffs' Fourteenth Amendment right to Equal Protection.

45. The manner in which the Defendants are interpreting Title 20-A M.R.S. §6355 violates the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution, and violates the Plaintiffs' Fourteenth Amendment rights to Equal Protection.

46. The manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 violates the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution, and violates the Plaintiffs' First and Fourteenth Amendment rights to Equal Protection.

47. The manner in which the Defendants are interpreting and/or enforcing Title 20-A M.R.S. §6355's vaccination requirement against C.F. constitutes religious discrimination and violates the Plaintiffs' Fourteenth Amendment right to Equal Protection.

48. The Defendants have no compelling interest to engage in such religious discrimination, nor have they enforced Title 20-A M.R.S. §6355 in a manner that

   is narrowly-tailored to achieve any such interest.

49. Title 20-A M.R.S. §6355 and/or the manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 does not survive strict scrutiny, and is therefore unconstitutional.

50. Title 20-A M.R.S. §6355 and/or the manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 does not even survive rational basis scrutiny, and is therefore unconstitutional.

51. As a proximate result of the Defendants' religious discrimination and/or violation of the Plaintiffs' Fourteenth Amendment Equal Protection rights, the Plaintiffs have sustained damages, including but not limited to:

  a. Loss of income;

  b. Expenses to enroll C.F. in private school; and

  c. Expenses to transport C.F. to and from his private school.

WHEREFORE, the Plaintiffs request that the Court find that Title 20-A M.R.S. §6355 is unconstitutional on its face, or is unconstitutional as applied against the Plaintiffs. Further, the Plaintiffs request that the Defendants be ordered to allow C.F. to enroll at Mabel I. Wilson Elementary School and that they be enjoined from requiring him to get the required vaccinations.

IN ADDITION, the Plaintiffs demand judgment against the Defendants in an amount that is fair and reasonable to compensate them for their injuries and damages,

-15-

with interest and costs.

   FINALLY, the Plaintiffs seek an award of attorney's fees and expert fees under Title 42 U.S.C. §1988.

   Dated at Portland, Maine this 14th day of December, 2022.

            By:  /S/   Stephen C. Whiting
               Stephen C. Whiting, Bar No. 559
               Attorney for the Plaintiffs
               The Whiting Law Firm, P.A.
               75 Pearl Street, Suite 207
               Portland, Maine 04101
               (207) 780-0681
               mail@whitinglawfirm.com

## CERTIFICATE OF SERVICE

      Plaintiffs, by and through their undersigned legal counsel, hereby certify that on this date this objection was filed in the Court's ECF system, and that the ECF system will be sending a copy to all of the Defendants and/or their counsel of record.

      Respectfully submitted,

Dated:   December 14, 2022            /s/ Stephen C. Whiting
        Stephen C. Whiting, Bar No. 559
        *Counsel to Plaintiffs*
        The Whiting Law Firm
        75 Pearl Street, Suite 207
        Portland, ME  04101
        (207) 780-0681
        mail@whitinglawfirm.com