UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY FOX, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:22-cv-00251-JAW |
| | ) |
| PENDER MAKIN, in her official | ) |
| capacity as Commissioner, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON OBJECTION TO RECOMMENDED DECISION**

Having performed a de novo review of the magistrate judge's recommended decision, the court overrules a plaintiff's objection to the magistrate judge's partial denial of a motion to amend complaint. The court determines that where a state defendant has not waived its immunity defenses in state court, its removal of the action from state to federal court does not constitute a waiver of those defenses.

**I.    PROCEDURAL BACKGROUND**

On July 22, 2022, Gregory Fox, individually and as parent of C.F., and Rita Fox, individually and as parent of C.F., filed a lawsuit in the Cumberland County Superior Court for the state of Maine against the state of Maine, the Maine Department of Education, Maine School Administrative District (MSAD) 51, and various state and local officials, alleging the defendants violated the U.S. Constitution in promulgating and implementing a vaccination policy at MSAD 51. *Notice of Removal*, Attach. 1, *Compl.* (ECF No. 1). The Defendants initially categorized themselves as the State Defendants—the state of Maine, the Maine

Department of Education, and Maine Department of Education Commissioner Pender Makin—and the School Defendants—MSAD 51, MSAD 51 Superintendent Jeffrey Porter, Mabel I. Wilson Elementary School Principal Sally Loughlin, and Mabel I. Wilson Elementary School Vice Principal Corey Munsey. *Notice of Removal* at 1, 3.

On August 17, 2022, the case was removed to this Court. *Id.* In the Notice of Removal, Attorney Nathaniel Bessey, counsel for the School Defendants, represented that the State Defendants also consented to the removal. *Id.* at 3.

On December 5, 2022, the Plaintiffs moved to amend their original complaint. *Pls.' Mot. to Am. Compl.* (ECF No. 32), and on December 14, 2022, the motion was granted without objection. *Order* (ECF No. 41). On December 14, 2022, the Plaintiffs filed an amended complaint, which became the operative complaint in this case. *Pls.' Am. Compl.* (ECF No. 45). The amended complaint did not name either the state of Maine or the Maine Department of Education as defendants, leaving Commissioner Makin and the School Defendants as the only defendants. *Id.*

On August 16, 2023, the Court granted in part and denied in part motions to dismiss the amended complaint brought by Commissioner Makin and the School Defendants, respectively. *Order on Defs.' Mots. to Dismiss* (ECF No. 81). The Court dismissed all claims against MSAD 51 and Principal Loughlin, who had retired. *Id.* at 5 n.7, 34. The Court further dismissed all claims for money damages against Commissioner Makin, Superintendent Porter, and Mr. Munsey.[1] *Id.* at 34. Following

---

[1] After Principal Loughlin retired, Mr. Munsey was promoted to principal of Mabel I. Wilson Elementary School. *Order on Defs.' Mots. to Dismiss* at 5 n.7.

2

the Court's order, the only surviving claims were against Commissioner Makin, Superintendent Porter, and Mr. Munsey in their official capacities for declaratory and injunctive relief. *Id.*

On November 20, 2023, the Plaintiffs moved to amend the amended complaint, seeking to modify their prayer for relief based on C.F. aging out of Mabel I. Wilson Elementary School and to add a claim for equitable reimbursement of the expenses paid to educate C.F. *Pls.' Second Mot. to Am. Compl.* (ECF No. 90). On December 1, 2023, the Defendants objected in part to the motion. *Defs.' Jt. Opp'n, in Part, to Pls.' Second Mot. to Am. Compl.* (ECF No. 91). The Plaintiffs replied on December 15, 2023. *Pls.' Reply to Defs.' Opp'n to Pls.' Second Mot. to Am. Compl.* (ECF No. 92). On February 22, 2024, the Magistrate Judge issued an order and recommended decision on the second motion to amend complaint. *Order and Recommended Decision on Mot. to Am. Compl.* (ECF No. 96) (*Rec. Dec.*).

From July 22, 2022 until recently, Attorney Stephen C. Whiting represented both Plaintiffs in their individual and parental capacities. However, on March 7, 2024, Gregory Fox filed a Notice of Appearance, indicating that he was entering his own appearance in this matter, *Notice of Appearance* (ECF No. 98), and on March 8, 2024, the Court granted Attorney Whiting's motion to withdraw as counsel for Mr. Fox. *Order* (ECF No. 101). As things now stand, Mr. Fox is representing himself and Ms. Fox is still represented by Attorney Whiting.

On March 7, 2024, Mr. Fox, acting pro se, objected to the recommended decision. *Notice of Appeal* (ECF No. 103) (*Pl.'s Obj.*).[2] On March 14, 2024, Commissioner Makin and the School Defendants responded separately to Mr. Fox's objection. *Def. Pender Makin's Resp. to Pl. Gregory Fox's Obj. to Recommended Decision* (ECF No. 104) (*Makin Resp.*); *The School Defs.' Resp. to Pl. Gregory Fox's Objs. to the Order and Recommended Decision on Mot. to Am. Compl.* (ECF No. 105) (*School Resp.*). On March 27, 2024, Mr. Fox filed a reply to the responses. *Pl.[] Gregory Fox's Reply Mem. of Fact and Law in Supp. of his Obj. to Magistrate's Recommended Decision, ECF No. 103, with Incorporated Notice of Fraud* (ECF No. 106) (*Pl.'s Reply*).

## II. THE RECOMMENDED DECISION, OBJECTION, RESPONSES AND REPLY

### A. The Order and Recommended Decision

In his order and recommended decision, the Magistrate Judge recommended that the Court grant the motion to amend the complaint insofar as it requests placement in the relevant school for the age of the Plaintiffs' child at the time of the judgment but deny the motion insofar as it requests equitable reimbursement. *Rec. Dec.* at 13.

### B. Gregory Fox's Objection

In his objection, Mr. Fox writes that he "does not agree with the Magistrate's recommendation in ECF Document 96, recommending § 1983 damages against the

---

[2] Although Mr. Fox denominated his filing a notice of appeal, on March 8, 2024, the Court concluded that Mr. Fox did not intend to appeal the Magistrate Judge's decision to the Court of Appeals but only object to it to this Court. *Order* (ECF No. 102).

4

State Defendants and appropriate School defendants acting in ministerial duty as agents of the state should be denied as futile." *Pl.'s Obj.* at 1. Mr. Fox's main point appears to be that by removing the case from state to federal court, the State Defendants engaged in "affirmative litigation conduct," thereby waiving Eleventh Amendment immunity. *Id.* at 3-4. Mr. Fox emphasizes that "**the entire immunity argument turns on 11th Amendment immunity and the collective State and School Defendants' litigation strategy to voluntarily initiate removal to the jurisdiction of the Federal Court**." *Id.* at 6 (emphasis in original). Mr. Fox then stresses that he has a right to bring an equal protection claim on behalf of his son against the State and School Defendants in federal court. *Id.* at 7-8.

### C. Pender Makin's Response

In her response, Commissioner Makin asserts that the removal of an action from state to federal court does not constitute a waiver of Eleventh Amendment immunity. *Makin Resp.* at 4. She maintains that the "only relief available to Mr. Fox (should he prevail) in this lawsuit is that permitted by *Ex Parte Young*, 209 U.S. 123 (1908), and its progeny: prospective injunctive and declarative relief against Commissioner Makin in her official capacity." *Id.*

### D. The School Defendants' Response

In their response, the School Defendants first argue that Mr. Fox is attempting to relitigate not just the Magistrate Judge's recommended decision, but earlier decisions in this case. *School Resp.* at 1-3. Next, the School Defendants dispute Mr.

5

Fox's premise that by removing the case from state to federal court, they waived sovereign immunity defenses. *Id.* at 3-4.

### E. Gregory Fox's Reply

Mr. Fox says that he has a right to file a reply to correct misleading statements and citations in the responses.[3] *Pl.'s Reply* at 1. He then makes allegations of fraud on the court by defense counsel, claiming they misrepresented the legal status of Eleventh Amendment and qualified immunity after removal, which in turn, he says, induced Attorney Stephen Whiting to concede that they could not proceed with a damages claim against the State and School Defendants. *Id.* at 3-4. Mr. Fox cites caselaw in support of his position and demands that the Court not only bar the Defendants from asserting Eleventh Amendment, sovereign and qualified immunity, but also investigate the attorneys for their asserted fraud. *Id.* at 5-8.

## III. DISCUSSION

### A. Objections to Recommended Decisions

At the outset, the Court briefly addresses the scope of this order. When "a magistrate judge passes upon a dispositive motion, the magistrate judge issues a recommended decision, and if there is a timely objection, the district judge must

---

[3] Contrary to his assertion, Mr. Fox does not have the right to file a reply to a response to an objection to a recommended decision. Regarding objections to magistrate judge orders, District of Maine Local Rule 72.1(a) provides: "Except by prior order of the Court, no reply memorandum shall be filed." Mr. Fox did not comply with Rule 72.1(a) by filing a motion for leave to reply. As Mr. Fox is acting pro se, the Court will waive the prior motion requirement in this instance and consider his reply. At the same time, the Court expects compliance in the future. While "courts hold pro se pleadings to less demanding standards than those drafted by lawyers," pro se litigants are required to follow the procedural rules of the Court. *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000) ("[P]ro se litigants are not exempt from procedural rules").

6

engage in de novo review."[4]  *Sargent v. Nordx*, No. 2:20-cv-00467-JAW, 2022 U.S. Dist. LEXIS 226506, at *8-9 (D. Me. Dec. 16, 2022).  Federal Rule of Civil Procedure 72(b) allows parties that disagree with any portion of a magistrate judge's recommended decision to "serve and file specific written objections *to the proposed findings and recommendations*."  FED. R. CIV. P. 72(b)(2) (emphasis supplied). Because the federal rules do not permit objecting parties to address matters beyond the scope of what was argued to the magistrate judge, insofar as Mr. Fox wishes to raise issues not discussed previously, this objection is not the proper vehicle for doing so.  *Borden v. Sec'y of Health and Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, 'not only their best shot but all of their shots'" (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)).  Accordingly, the Court only addresses the portions of Mr. Fox's objection that pertain to matters raised before the Magistrate Judge.

### B.    Removal and Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent."  *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011).  As the United States Supreme Court has explained, "the States have retained their traditional immunity from suit, 'except as altered by the plan of the Convention or

---

[4]     Citing a previous decision of this Court, the Magistrate Judge observed that "[w]hile a motion to amend is often considered a pretrial non-dispositive motion and within a Magistrate Judge's authority to rule on directly, when the ruling would effectively dispose of a claim or defense, a recommended decision is appropriate." *Rec. Dec.* at 2 n.1 (citing *Sargent v. Nordx*, No. 2:20-cv-00467-JAW, 2022 U.S. Dist. LEXIS 226506, at *8-12 (D. Me. Dec. 16, 2022)).  Because the Magistrate Judge's ruling, if upheld, would effectively "end" the Plaintiffs' equitable reimbursement claim, the Court concurs with the Magistrate Judge's issuance of a recommended decision and will review Mr. Fox's objection de novo.  *See Emissive Energy Corp. v. NovaTac, Inc.*, No. 09-13 S, 2010 U.S. Dist. LEXIS 88544, at *6 (D.R.I. July 28, 2010).

certain constitutional amendments.'" *Id.* (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent a waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* at 253-54 (citation omitted).

In his objection, Mr. Fox relies heavily on *Lapides v. Board of Regents*, 535 U.S. 613 (2002), for the proposition that by filing a notice of removal, the Defendants have waived their immunity from suit. However, after reviewing *Lapides*, the Court concludes that Mr. Fox misinterprets the Supreme Court's ruling and that the Defendants' removal of this case does not affect their right to assert sovereign immunity.

In *Lapides*, a college professor at a state university sued the university's board of regents and university officials in state court, alleging that the university had violated state and federal law by placing allegations of sexual harassment in his personnel file. *Id.* at 616. The Defendants removed the case from state to federal court where they sought dismissal. *Id.* Regarding the federal law claims, the Defendants contended that they were barred by the doctrine of qualified immunity, and the district court agreed. *Id.* Regarding the state law claims, the Defendants conceded that a state statute had waived sovereign immunity for suits in state court. *Id.* Nevertheless, the Defendants argued that once they removed the case from state to federal court, they were entitled to Eleventh Amendment immunity.[5] *Id.*

---

[5] "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides*, 535 U.S. at 616 (citations omitted).

Before addressing whether the Defendants could assert immunity, the Supreme Court was careful to limit the scope of its inquiry. First, it observed that it was not dealing with the federal law claims, noting that "Lapides' only federal claim against the State arises under 42 U.S.C. § 1983, [and] that claim seeks only monetary damages." *Id.* at 617. The Supreme Court reiterated its prior holding "that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Thus, to the extent Mr. Fox is claiming that he is entitled to monetary relief under § 1983, the Supreme Court in *Lapides* confirmed he is not.

Next, the Supreme Court also noted that it was addressing only an instance where the state had waived its sovereign immunity in state court. *Id.* at 617-18 ("Nor need we address the scope of waiver by removal in a situation where the State's underlying sovereign immunity from suit has not been waived or abrogated in state court"). Here, neither Commissioner Makin nor the School Defendants waived their immunity in state court, and for this reason, *Lapides* does not apply to Mr. Fox's claim. All *Lapides* stands for is the commonsensical notion that if a state has waived its sovereign immunity in state court, it cannot assert Eleventh Amendment immunity by removing the case to federal court, a situation not present here.

If there were any doubt, the First Circuit fully resolved it in *Bergemann v. Rhode Island Department of Environmental Management*, 665 F.3d 336 (1st Cir. 2011). In *Bergemann*, the First Circuit noted that the Supreme Court limited *Lapides* "to its facts." *Id.* at 341. The First Circuit wrote that:

9

> Here, by contrast, Rhode Island is immune from FLSA claims in both state and federal court. Thus, removal conferred no special advantage on the state: it would have enjoyed exactly the same immunity had it continued to litigate the claim in the state court. We believe that this is a crucial distinction.

*Id.* The same "crucial distinction" is present here. The Commissioner and the School Defendants did not waive their immunity in state court and therefore by removal did not waive their immunity in federal court.

## IV. CONCLUSION

Having performed a de novo review of the Magistrate Judge's recommended decision, the Court overrules Gregory Fox's objection to the Magistrate Judge's recommended decision for the reasons set forth in the recommended decision and as further set forth in this order. The Court GRANTS in part and DENIES in part the Plaintiffs' Second Motion to Amend Complaint (ECF No. 90). The Court GRANTS the Plaintiffs' Second Motion to Amend Complaint insofar as they are requesting that the child be placed with the relevant school for the child's age at the time of judgment, but the Court DENIES the Plaintiffs' Second Motion to Amend Complaint insofar as they request equitable reimbursement.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2024