UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY FOX et al., | ) |
| Plaintiffs | ) |
| v. | ) 2:22-cv-00251-JAW |
| PENDER MAKIN, et al., | ) |
| Defendants | ) |

**ORDER ON MOTION TO RETAIN CONFIDENTIALITY DESIGNATION**

Pursuant to the Confidentiality Order in this case (Order, ECF No. 87), Defendant Makin designated the video recording of the deposition of Laura Blaisdell, M.D., as "confidential." Following Plaintiff Gregory Fox's objection to Defendant Makin's confidential designation, Defendant Makin moves to retain the confidential designation. (Motion, ECF No. 153.) Plaintiff Gregory Fox opposes the motion. (Response to Motion, ECF No. 157.) None of the other parties objects to the requested relief.

Following a review of the relevant portions of the record, and after consideration of the parties' arguments, the Court grants Defendant's motion.

## LEGAL STANDARD

The party seeking to maintain its confidentiality designation "has the burden to show good cause" for the designation. Order ¶ 9(c); *Sea Hunters, LP v. S.S. Port Nicholson*, No. 2:08-cv-272-GZS, 2014 WL 2117358 (D. Me., May 21, 2014). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986). "The

showing of good cause for the confidentiality designation 'should be made with appropriate specifics.'" *Ouellette v. Gaudette*, No. 2:16-cv-53-DBH, 2016 WL 7263044, at *2 (D. Me. Dec. 14, 2016) (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2043 (3d ed. 2004)).

The Confidentiality Order provides "[d]eposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." (Order ¶ 4, ECF No. 87.)  A party may object to a confidentiality designation.  (*Id.* ¶ 8.)  The Order directs the parties to "meet and confer in a good faith effort to resolve the objection by agreement" and if that effort fails, the designating party must file a motion to retain the confidential designation.  (*Id.* ¶ 8(b)–(c)).

## DISCUSSION

Defendant Makin moves to retain the confidentiality designation of the video recording of Dr. Blaisdell's deposition "to limit the use of the video recording to this proceeding." [1]  (Motion at 1.)   Defendant Makin is concerned that the video could be used to portray Dr. Blaisdell and her testimony inaccurately.  (*Id.* at 2.)  Defendant Makin points to past online and in-person harassment of Dr. Blaisdell, which included altered photographs of Dr. Blaisdell and internet memes that contained inappropriate language. (*Id.* at 2.)  Based on this history, Defendant Makin is concerned that the video recording could be misused if the confidentiality designation is not retained. (*Id.*)

---

[1] Defendant Makin did not designate the transcript of the deposition as confidential.

2

Plaintiff Gregory Fox contends that he is entitled to use the video deposition for "private matters and legitimate uses," which include the use of the video recording "as evidence in a legal matter." (Response at 7.) Additionally, Plaintiff Gregory Fox argues that the Confidentiality Order does not allow for the video deposition in its entirety to be designated confidential. (*Id.* at 5.) Addressing Defendant Makin's concern about the video contributing to the harassment of Dr. Blaisdell, Plaintiff Gregory Fox asserts that the Court "overruled" the argument in its July 8, 2024, Order on Discovery Issue. (*Id.* at 8.)

Defendant's concern about potential misuse of the video recording and the related harassment of Dr. Blaisdell is reasonable. The uncontroverted evidence demonstrates that the risk is legitimate. (See Affidavit of Laura Blaisdell, ECF No. 153-1.) Plaintiff Gregory Fox's arguments do not undermine the concern. Not insignificantly, the continued designation would not limit Plaintiff Gregory Fox's use of the video deposition in this case and places no restriction of his use of the written transcript of Dr. Blaisdell's deposition testimony.

Plaintiff Gregory Fox's contention that the Confidentiality Order does not permit a party to designate an entire deposition as confidential is unavailing. His reliance on the Order's provision that confidential designation of deposition testimony must "be specific as to the portions to be designated [confidential]" is misplaced. (Order ¶ 4.) The purpose of the provision is to ensure that parties are specific in their requests for a confidentiality designation, not to limit the extent to which a deposition can be designated as confidential.

Finally, contrary to Plaintiff Gregory Fox's contention, the Court did not overrule Defendant Makin's concerns about potential harassment of Dr. Blaisdell. In in its July 8,

3

Order, the Court explained that the parties' disagreement regarding confidential designations was governed by the Confidentiality Order. (Order on Discovery Issue at 1–2.) The parties followed the process contemplated by the Order, and the parties' dispute is now before the Court.

For the reasons explained herein, the Court concludes that Defendant has demonstrated good cause to maintain the confidential designation of the video recording of Dr. Blaisdell's deposition. The Court's determination is consistent with the Court's authority, for good cause, to "issue an order to protect a person from annoyance, embarrassment, [or] oppression." Fed. R. Civ. P. 26(c)(1). [2]

## CONCLUSION

Based on the foregoing analysis, the Court grants Defendant Makin's motion to retain the confidential designation as to the video recording of Dr. Blaisdell's deposition.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of October, 2024.

---

[2] To the extent that Plaintiff Gregory Fox might argue that the designation to implicate the public's right of access to court proceedings, the argument fails. The public, however, has no right of access to materials produced in discovery. *See United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) (noting the public has no right to access materials produced through civil discovery); *Doe v. Smith*, No. 2:23-cv-00423-JAW, 2024 WL 2109731, at *5 (D. Me. May 8, 2024) ("The *Kravetz* Court resolved one issue: whether there is a right of public access to civil discovery. There is none.").