UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GREGORY FOX, et al.,                      )
                                          )
            Plaintiffs,                   )
                                          )
      v.                                  )     No. 2:22-cv-00251-JAW
                                          )
PENDER MAKIN, *individually and*          )
*in her official*                         )
*capacity as Commissioner*, et al.,       )
                                          )
            Defendants.                   )

**ORDER ON OBJECTION TO MAGISTRATE JUDGE'S ORDER ON MOTION
TO RETAIN CONFIDENTIALITY DESIGNATION**

A plaintiff bringing a constitutional claim against state officials objects to an

order issued by a federal magistrate judge granting a plaintiff's motion to retain the

confidentiality designation of the video of one of its expert witness's depositions.  The

court concludes the magistrate judge's order is well-reasoned and neither clearly

erroneous nor contrary to law.  The court overrules the plaintiff's objection and

affirms the magistrate judge's order.

I.      **BACKGROUND**

        A.      **Procedural Background**

        On July 22, 2022, Gregory Fox, individually and as parent of C.F., and Rita

Fox, also individually and as parent of C.F., filed a lawsuit in the Cumberland County

Superior Court against various state and local officials, in their individual and official

capacities, alleging that the defendants violated the U.S. Constitution in

promulgating and implementing a vaccination policy at Maine School Administrative

District 51.  *Notice of Removal*, Attach. 1, *Compl.* (ECF No. 1).  On August 17, 2022, the case was removed to this Court.  *Notice of Removal* (ECF No. 1).

After the parties proceeded with discovery, the United States Magistrate Judge set a deadline of July 19, 2024 for the completion of discovery.  *Order on Disc. Issues and Am. Scheduling Order* at 1 (ECF No. 112).  Then, on September 13, 2024, after the discovery period closed, Pender Makin, Maine Commissioner of Education, moved to retain the confidentiality designation of the video recording of the deposition of one of her expert witnesses, Dr. Laura Blaisdell.  *Def. Pender Makin's Mot. to Retain Confidentiality Designation of the Video Recording of the Dep. of Dr. Laura Blaisdell* (ECF No. 153) (*Def.'s Confidentiality Mot.*).  Commissioner Makin noted that "[n]either the School Defendants nor Plaintiff Rita Fox have objected to this limitation.  Plaintiff Gregory Fox, however, objects." *Id.* at 1-2.

In her motion to retain confidentiality, Commissioner Makin first pointed out that she "did not designate the transcript of Dr. Blaisdell's deposition as confidential, so this motion does not impede access to the workings of the legal system or implicate governmental transparency," adding that "the video recording will be fully available to all parties to utilize in this proceeding, as may be necessary." *Id.* at 1.  She then argued that she demonstrated the "good cause" necessary for the Court to grant a confidential designation, averring that the videotaped deposition is discovery material, not a judicial record, that Dr. Blaisdell personally "has faced personal attacks in the past" based on her work in the vaccine space, including threats of physical violence and social media harassment utilizing images of her, and that the

2

video deposition testimony of other vaccine-related expert witnesses has been manipulated and publicly disseminated.  Commissioner Makin further requested the retention of confidentiality because Dr. Blaisdell "is a private individual . . ..  not an employee of the State, or any sort of government official."  *Id.* at 5-9.

Mr. Fox, acting pro se, opposed the Plaintiff's motion on September 27, 2024. *Resp. to Comm'r Makin's Pet. for Relief to Retain Confidentiality Designation of the Video Recording of the Dep. of Dr. Laura Blaisdell* (ECF No. 157) (*Pl.'s Confidentiality Opp'n*).  Mr. Fox argued that Commissioner Makin's request encompasses the entire video deposition, and as such failed to designate specific portions as instructed in the consented-to confidentiality order.  *Id.* at 5 (citing *Consented-To Confidentiality Order* (ECF No. 86-1[1])).  Mr. Fox also pointed out that Dr. Blaisdell voluntarily accepted the offer to serve as an expert witness, and in so doing assumed a "public figure role."  *Id.* at 6 (emphasis removed).  He further claimed that, during the parties' meet and confer, he informed counsel for Commissioner Makin that he "[was] entitled to retain the video deposition for 'private matters and legitimate uses'" and that he "express[]ly said the legitimate use may involve the video deposition utilized as evidence in a legal matter."  *Id.* at 7.

Mr. Fox also asserted that the Magistrate Judge had already rejected a request for confidentiality filed in advance of Dr. Blaisdell's deposition.  *Id.* at 8.  Finally, he

---

[1]       Mr. Fox cites ECF No. 86-1, which is a version of a consented-to confidentiality order jointly proposed and attached to the parties' joint motion for entry of proposed confidentiality order.  *See Jt. Mot. for Entry of Proposed Confidentiality Order* (ECF No. 86).  The Magistrate Judge granted the parties' motion and published a final version of the order as a Consented-to Confidentiality Order (ECF No. 87).

disclaimed any intent to publish the deposition video online and characterized as "speculation" Commissioner Makin's concern that "these videos will be used by unscrupulous non-parties in ways that impugn the character or knowledge of the expert, and may even put the expert's health and safety at risk." *Id.*

## B.  The Magistrate Judge's Order and Recommended Decision

On October 24, 2024, the Magistrate Judge issued an order granting the Plaintiff's motion to retain the confidentiality designation of Dr. Blaisdell's video deposition. *Order on Mot. to Retain Confidentiality Designation* (ECF No. 166) (*Mag. J. Order*).

After noting that Commissioner Makin did not designate the deposition transcript as confidential, *id.* at 2 n.1, the Magistrate Judge listed Commissioner Makin's bases for maintaining confidentiality as "concern[] that the video could be used to portray Dr. Blaisdell and her testimony inaccurately" and "past online and in-person harassment of Dr. Blaisdell, which included altered photographs . . and internet memes that contained inappropriate language." *Id.* at 2 (citing *Def.'s Confidentiality Mot.* at 2).  Turning to Mr. Fox's opposition, the Magistrate Judge considered Mr. Fox's arguments that "he is entitled to use the video deposition for 'private matters and legitimate uses'" and that designating the entire video deposition as confidential contravenes the Court's confidentiality order. *Id.* at 3 (citing *Pl.'s Confidentiality Opp'n* at 5, 7).

The Magistrate Judge concluded that Commissioner Makin was reasonably concerned about potential misuse of the video deposition based on evidence in the

4

record, and further that granting confidentiality would not prejudice Mr. Fox's case because it "would not limit [his] use of the video deposition in this case and places no restriction [on] his use of the written transcript of Dr. Blaisdell's deposition testimony." *Id.* The Magistrate Judge also addressed Mr. Fox's contention that the Commissioner's motion violated the confidentiality order, finding that this order was intended to promote specificity without imposing a limit and that the Commissioner had followed the process laid out in the order by filing a motion requesting a confidentiality designation when the parties disagreed. *Id.* at 4.

For these reasons, the Magistrate Judge concluded that Commissioner Makin had satisfied her burden of demonstrating "good cause" pursuant to Federal Rule of Civil Procedure 26)(c)(1) to retain the confidential designation of the video recording of Dr. Blaisdell's deposition and granted the Defendant's motion. *Id.*

## C. Gregory Fox's Objection

Mr. Fox objected to the Magistrate Judge's order on November 6, 2024. *Pl.'s Obj. to Order Regarding Confidentiality of Video Recording of the Dep. of Dr. Laura Blaisdell ECF Doc. 166* (ECF No. 169) (*Pl.'s Obj. to Mag. J. Order*). First, he argues "the Magistrate's determination does not provide any rationalization why the Plaintiff's rights are or should be weighted less than Defendant Makin's speculative 'concern that the video recording *could* be misused if the confidentiality designation is not retained.'" *Id.* at 1 (emphasis in original). Mr. Fox avers he seeks to reserve his rights to use the video "in a grievance or legal matter presumably, shared or filed *with a[n] agent or agency of the State of Maine*," and submits that "[t]he Magistrate

5

does not provide any reasoning to the determination of why Dr. Fox would not be authorized to present the video as evidence" to such parties. *Id.* at 2 (emphasis in original). He further notes that he "has already stated he has no intention of publishing the video content on the internet, and it is highly unlikely another agent of the state would permit publishing or misuse." *Id.*

Mr. Fox continues by reiterating the positions of his initial opposition that Dr. Blaisdell chose to participate as an expert witness and that she made her expert opinions "on behalf of a public servant in a claim pertaining to actions performed under law." *Id.* He argues that the cases cited by the Magistrate Judge describe "non-public officials" and do not "reference[] judicial notice of documents of a public official acting under color of law." *Id.* at 3. Mr. Fox notes that he submitted Dr. Blaisdell's deposition transcript as an attachment to his motion filed the day after the Magistrate Judge's order, *see Pet. to Recons. the Decision to Reset Deadlines as to the Court[']s Order ECF 165* (ECF No. 167), Attach. 3, *Video Dep. of Dr. Laura Blaisdell* (ECF No. 167-3) (*Blaisdell Dep. Tr.*), and asserts the Court may now take judicial notice of the same. *Id.* Citing caselaw from the First Circuit Court of Appeals on the right of public access, Mr. Fox contends that a "judicial record" is a document submitted by parties "meant to impact the court's disposition of substantive rights" and that the same are presumptively public. *Id.* (citing *United States v. Kravetz*, 706 F.3d 47, 56 (1st Cir. 2013)).

In conclusion, Mr. Fox "instructs the Court to rescind all Orders of Confidentiality that unjustly restrict the rights of the Plaintiff to the video content,"

6

or alternatively instructs "the Court shall declare" the confidentiality order inapplicable to presentation and use of the video with agents of the state of Maine. *Id.* at 4.

**D.    Commissioner Pender Makin's Response**

Commissioner Makin responded on November 19, 2024, arguing that the Magistrate Judge's findings "are supported by uncontroverted evidence and are not clearly erroneous." *Def. Pender Makin's Resp. to Pl. Gregory Fox's Obj. to Order* at 3 (ECF No. 173) (*Def.'s Resp. to Obj.*).  She explains that she "provided evidence of past online and in-person harassment of Dr. Blaisdell, [whose] harassment included photos that altered her image," and contends the evidence was "uncontroverted." *Id.* (citing *Def.'s Confidentiality Mot.*, Attach. 1, *Decl. of Dr. Laura Blaisdell* (ECF No. 153-1) (*Blaisdell Decl.*)).  Commissioner Makin further points out that the relief requested is particularized to these articulated concerns, as she only seeks to maintain confidentiality of the video, but not the transcript, of Dr. Blaisdell's deposition. *Id.*

Commissioner Makin next supports  the Magistrate Judge's conclusion that she had demonstrated good cause to maintain the confidential designation, characterizing her position as twofold: first, "Dr. Blaisdell is a private individual who should not be subject to further harassment and threats as the result of her participation as an expert witness in this lawsuit," and second, "publication of the video deposition may, through editing or inaccuracy of such recordings, result in inaccurate portrayal of Dr. Blaisdell's testimony." *Id.* at 4.  Commissioner Makin

submits she has provided evidence to support the record of harassment suffered by Dr. Blaisdell and examples of other video depositions of vaccine-related experts being misused, *id.* at 4-5, and cites additional caselaw in which courts have recognized the potential for abuse associated with video recordings. *Id.* at 5.

Responding to Mr. Fox's objection, Commissioner Makin first contests his asserted right to the deposition content by arguing the materials garnered through the discovery process are subject to the Rules of Civil Procedure and the Court's prior confidentiality orders. *Id.* at 5-6. She extends this position to Mr. Fox's claim that Dr. Blaisdell voluntarily assumed a public figure role by agreeing to serve as the Commissioner's expert witness, which Commissioner Makin contends "fails to account for the applicability of the Consented-to Confidentiality Order and the Civil Rules." *Id.* at 6. Similarly, Commissioner Makin explains "the sole purpose of discovery is to assist trial preparation," *id.* (quoting *Kravetz*, 706 F.3d at 54), and that desired use in other proceedings is not contemplated by the federal rules, regardless of characterization as "private matters" or "legitimate use." *Id.* Further, she says, Mr. Fox has failed to demonstrate why Dr. Blaisdell's deposition transcript would be insufficient for his purposes. *Id.* at 6-7. Finally, Commissioner Makin rejects Mr. Fox's contention that his inclusion of the deposition transcript affects the confidentiality analysis, arguing that materials generated in discovery are not judicial records and as such there is no common law or constitutional right of public access. *Id.* at 7 (citing *Kravetz*, 706 F.3d at 54-55; *Standard Fin. Mgmt. Corp.*, 830 F.3d 404, 408 (1st Cir. 1987); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).

At bottom, Commissioner Makin asks the Court to overrule Mr. Fox's objection and affirm the Magistrate Judge's order. *Id.*

### E.   Gregory Fox's Reply[2]

On December 4, 2024, Mr. Fox filed a reply in support of his objection to the Magistrate Judge's order. *Pl.'s Reply* (ECF No. 174). Mr. Fox reiterates his argument that Commissioner Makin mischaracterizes Dr. Blaisdell as a "private individual" and submits Dr. Blaisdell should be held to the same standard as a state official based on her "extensive activity in the removal of the religious exemption in [M.R.S.] [6]355." *Id.* at 2. Mr. Fox contends Dr. Blaisdell should be deemed a "limited-purpose public figure" by virtue of her "public stance on a controversial issue," and that such

---

[2]      Pursuant to Federal Rule of Civil Procedure 72, a party "may serve and file objections to the order within 14 days after being served with a copy." The Rule says nothing about a party's right, nor the applicable timeline, to file a reply in support of their objection. However, the District of Maine Local Rules specify that "[e]xcept by prior order of the Court, no reply memorandum shall be filed." D. ME. LOC. R. 72(a). Mr. Fox has neither sought nor been granted leave to file a reply memorandum.

      Local Rule 72 is based on the context of an objection to a ruling by the Magistrate Judge, which require a full briefing by the parties of the issues before the Magistrate Judge and a detailed explanation by the Magistrate Judge in his or her decision. The objecting party thus knows the basis for any legal conclusions in the order he disagrees with and may submit legal objections to the same. By filing an objection, the non-objecting party is given notice of the basis for any objections and permitted an opportunity to respond. D. ME. LOC. R. 72(a) ("Within 14 days of being served with an objection, a party opposing the objection may file a response with an incorporated memorandum of law"). An objection is not, however, an opportunity to relitigate the issue by raising novel arguments. *See Orchard v. United States*, 332 F. Supp. 2d 275, 276 (D. Me. 2004) "A litigant is not permitted to raise new issues to the district judge in his objections to the recommendation of the magistrate judge." (citing *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)); *Barden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984) ("Parties must take before the magistrate judge 'not only their "best shot" but all of their shots'").

      Despite the directive of Local Rule 72(a), the Court will exercise its discretion and consider the contents of Mr. Fox's reply in light of its obligation to liberally construe the filings of a pro se litigant. *See Gakuba v. Frey*, Nos. 23-1084, 23-1095, 2024 U.S. App. LEXIS 18703, at *1 (1st Cir. Apr. 10, 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, having been made aware of this rule, the Court instructs Mr. Fox that, should he wish in the future to file a reply to a response to his objection to a recommended decision of the Magistrate Judge, he must first move for the Court's permission. If he fails to do so, the Court will strike his reply.

persons have a reduced right to privacy under the Public Concern Exception. *Id.* at

3-4 (citing *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988); *Time, Inc. v. Hill*,

385 U.S. 374 (1967) (citation corrected)). In her own declaration, Mr. Fox points out,

Dr. Blaisdell described her work as founder of the vaccine advocacy group Maine

Vaccine Coalition and as Vice President of the Maine Chapter of the American

Association of Pediatrics. *Id.* at 4 (citing *Blaisdell Decl.* ¶¶ 9-10).

Mr. Fox continues that Dr. Blaisdell has been prominently featured in previous

publications by the Maine Department of Education regarding vaccination rates and

the exceptions to M.R.S. 6355, directing the Court to YouTube videos showing the

same and arguing that these public videos undermine Commissioner Makin's

asserted cause for retaining the confidentiality designation of her video testimony.

*Id.* at 5-6. Mr. Fox concludes by reiterating his objection to the Magistrate Judge's

order and reserving his rights to use the video deposition pursuant to the Universal

Commercial Code § 1-308. *Id.* at 7.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c), courts may issue a protective

order "to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense." FED. R. CIV. P. 26(c)(1). A party moving to retain its

confidential designation bears the burden of showing "good cause" for the requested

designation. *Sea Hunters, LP v. S.S. Port Nicholson*, No. 2:08-cv-272-GZS, 2014 U.S.

Dist. LEXIS 69432, at *2 (D. Me. May 21, 2014). "A finding of good cause must be

based on a particular factual demonstration of potential harm, not on conclusory

statements." *Id.* (*quoting Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986)).

"The showing of good cause for the confidentiality designation 'should be made with

appropriate specifics.'" *Ouellette v. Gaudette*, No. 2:16-cv-53-DBH, 2016 U.S. Dist.

LEXIS 173325, at *4 (D. Me. Dec. 14, 2016) (quoting 8A CHARLES ALAN WRIGHT &

ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2043 (3d ed. 2004)).

The Court reviews the Magistrate Judge's order for clear errors or holdings

contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider

any pretrial matter [designated to a magistrate judge] where it has been shown that

the [magistrate judge's] order is clearly erroneous or contrary to law"); FED. R. CIV.

P. 72(a) ("The district judge in the case must consider timely objections and modify

or set aside any part of the order that is clearly erroneous or is contrary to law").

When reviewing for clear error, the Court "accept[s] the magistrate judge's findings

of fact and the conclusions drawn therefrom unless, after analyzing the entire record,

[it] 'form[s] a strong, unyielding belief that a mistake has been made.'" *In re HIPAA

Subpoena (Patient Servs., Inc.)*, 961 F.3d 59, 64 (1st Cir. 2020) (citing *Phinney v.

Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999)). Questions of law are

reviewed de novo, *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010),

while "[m]ixed questions of law and fact invoke a sliding standard of review." *FERC

v. Silkman*, No. 1:16-CV-00205-JAW, 2017 U.S. Dist. LEXIS 211538, at *10-11 (citing

*In re IDC Clambakes, Inc.*, 727 F.3d 58, 64 (1st Cir. 2013)).

## III.   DISCUSSION

After a review of the record, the Court concludes that the Magistrate Judge did not clearly err in finding that the evidence presented by Commissioner Makin amounted to a sufficient showing of good cause, nor was his conclusion contrary to law.  The Magistrate Judge wrote a thoughtful and well-reasoned order, and the Court affirms it.

As the Magistrate Judge noted, the record contains clear and compelling evidence of the basis for retaining the confidentiality of Dr. Blaisdell's video deposition.  Dr. Blaisdell's sworn declaration describes the personal harassment she previously received based on her medical opinions, and that the harassment included manipulated images of her shared online.  *See Blaisdell Decl.* ¶¶ 11-16; *Def.'s Resp. to Obj.* at 4.

The risk extends beyond just anecdotal examples from Dr. Blaisdell personally. Commissioner Makin provides examples of the video depositions of expert witnesses in other vaccine-related matters being manipulated and publicly disseminated.  *Def.'s Confidentiality Mot.* at 8 (citing *PROOF THAT VACCINES DON'T CAUSE AUTISM?*, The Highwire, https://thehighwire.com/ark-videos/proof-vaccines-dont-cause-autism/ (last visited Sept. 4, 2024) (spliced videotaped deposition of a vaccination expert); Liora P, *Stanley Plotkin, Vaccines Deposition, Under Oath, 9 Hour Full Video*, YouTube (Mar. 10, 2019), https://www.youtube.com/watch?v=DFTsd042M3o (broadcasted deposition of a vaccination expert); *see also FLUORIDE LAWSUIT CAPTURES SHOCKING*

*ADMISSIONS ON THE RECORD*, The Highwire (Oct. 6, 2023) https://thehighwire.com/ark-videos/fluoride-lawsuit-captures-shocking-admissions-on-the-record/ (spliced videotaped depositions related to a fluoride lawsuit)).

Courts have widely recognized the increased capacity for abuse of videotapes, a concern only magnified by recent advancements in digital editing software. *See AFT Mich. v. Project Veritas*, No. 17-13292, 2023 U.S. Dist. LEXIS 62421, at \*9 (E.D. Mich. Apr. 10, 2023) ("Video recordings present particular concern due to the potential abuse that can arise from the possible editing of such media which could distort the original contents"); *Burgess v. Town of Wallingford*, No. 3: 11 -CV- 1129 (CSH), 2012 U.S. Dist. LEXIS 135781, at \*29 (D. Conn. Sep. 21, 2012) ("As numerous courts have observed, in this age of advanced technology, publication of audio recordings is rife with potential for abuse") (citing *Stern v. Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. 2007)).   Based on these general concerns and the demonstration of particularized risk to Dr. Blaisdell, the Court agrees with the Magistrate Judge that Commissioner Makin has established good cause for retaining the confidentiality designation of the video deposition.  FED. R. CIV. P. 26(c)(1).

Further, Mr. Fox's arguments against the confidentiality designation fail to sway the Court.  First, he asserts that he "retains and reserves all rights to the video for 'private matters and legitimate uses'" and indicates he intends to use it as evidence in a "grievance or legal matter presumably, shared or filed *with a[n] agent or agency of the State of Maine*." *Pl.'s Obj. to Mag. J. Order* at 1-2 (emphasis in original).  As an initial matter, Mr. Fox cites the Uniform Commercial Code for his

13

asserted right to use discovery materials from the present litigation for his own future purposes. *Pl.'s Reply* at 7. This citation is inapposite to the present case, as the Uniform Commercial Code governs financial contracts and transactions, not the rights of parties to a case in court. Further, in *Kravetz*, the First Circuit Court of Appeals explained that "[d]iscovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation." *Kravetz*, 706 F.3d at 54.

In addition, Plaintiff has not moved for the transcript to be confidential and Mr. Fox gives no reason why the transcript of Dr. Blaisdell's deposition would be insufficient for his purposes. In fact, Mr. Fox attached a transcript of Dr. Blaisdell's July 11, 2024 deposition transcript to a petition he filed on October 25, 2024 asking the Magistrate Judge to reconsider his order amending the scheduling order. *See Blaisdell Dep. Tr.* No party has moved to seal or redact the transcript of Dr. Blaisdell's deposition testimony, and it remains publicly available.

Finally, the confidentiality designation does not limit Mr. Fox's use of the video, if necessary, in the present litigation and the transcript remains available for future use. Mr. Fox's arguments do not undermine the good cause for designating solely the video as confidential.

Next, Mr. Fox criticizes the Magistrate Judge's opinion for citing cases that do not "reference[] judicial notice of documents of a public official acting under color of law," arguing that Dr. Blaisdell "by union with Defendant Makin is providing expert opinion on behalf of a public servant in a claim pertaining to actions performed under

color of law." *Id.* at 2-3.  However, despite forcefully asserting that Dr. Blaisdell has forfeited her status as a "private expert" by voluntarily serving as an expert witness for the Defendant and by previous public appearances in the context of vaccination requirements, the caselaw cited by Mr. Fox does not support his proposition.  Both *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, and *Time, Inc. v. Hill*, 385 U.S. 374, are defamation cases in which the Supreme Court determined a person may forfeit privacy rights in the context of media coverage of an issue of public concern.  The Court said nothing in either of these cases about the confidentiality of deposition testimony during the discovery phase of litigation, nor how prior public engagement on a topic affects the rights of a witness under Federal Rule of Civil Procedure 26(c).

The Court is not aware of any precedent suggesting an expert witness for a government entity thereby becomes a public figure or making prior public statements on an issue waives her right to a protective order within the federal rules. To the contrary, the federal civil rules plainly allow a court to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1).  Here, for the reasons set forth above, the Court has determined that the Defendant has established good cause for her request based on general and specific risks of harassment and sees no basis to change its analysis based on the Defendant's status as a government entity or her prior public engagement on the issue of vaccination requirements.[3]

---

[3]      In his reply, Mr. Fox directs the Court to YouTube videos featuring Dr. Blaisdell previously published by the Maine Department of Education and not subject to confidentiality protections. *Pl.'s Reply* at 5-6.  Mr. Fox submits these public videos further demonstrate Dr. Blaisdell is a limited-purpose public figure, not a private individual, and argues their publication undermines the need to

Finally, Mr. Fox in his objection again raises the general presumption of public access to judicial records, which he describes as documents "'submitted by parties to aid in the adjudication of' an issue before the court and that [are] 'meant to impact the court's disposition of substantive rights.'" *Pl.'s Obj. to Mag. J. Order* at 3 (citing *Kravetz*, 706 F.3d at 52). However, as Commissioner Makin notes in her response, courts, including the First Circuit, have consistently recognized a distinction between judicial records and discovery materials. *See Kravetz*, 706 F.3d at 54-55 ("the Supreme Court stated that 'pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice'") (quoting *Seattle Times Co.*, 467 U.S. at 33). In *United States ex rel. Nargol v. Depuy Orthopaedics, Inc.*, 69 F.4th 1 (1st Cir. 2023), the First Circuit wrote that "documents presented to a judge in connection with a discovery dispute" should be distinguished from "the record on which a judge actually decides central issues in a case." *Id.* at 15. The former are not typically subject to public access; the latter are. *Id.*

At bottom, the Court concludes that Mr. Fox's objection fails to demonstrate the Magistrate Judge's conclusion that Commissioner Makin had met her burden of

---

retain confidentiality of the video deposition to protect Dr. Blaisdell from misuse and manipulation of her image.

However, Mr. Fox did not make these arguments nor submit this evidence in his opposition to Commissioner Makin's motion to retain confidentiality designation. *See Pl.'s Confidentiality Opp'n.* A litigant is not permitted to raise new issues for the first time in an objection to the recommendation of the Magistrate Judge. *See Orchard*, 332 F. Supp. 2d at 276 (citing *Paterson-Leitch Co.*, 840 F.2d at 990-91). As such, the Court declines to consider these new arguments.

showing good cause to retain the confidentiality designation of the video of Dr. Blaisdell's deposition was clear error or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A).

## IV.    CONCLUSION

The Court OVERRULES Gregory Fox's Objection to Order Regarding Confidentiality of Video Recording of the Deposition of Dr. Laura Blaisdell ECF Doc. 166 (ECF No. 169) and AFFIRMS the Magistrate Judge's Order on Motion to Retain Confidentiality Designation (ECF No. 166).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2024