UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY FOX, *individually and as Parent of C.F.*, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 2:22-cv-00251-JAW |
| PENDER MAKIN, *in her official capacity as Commissioner*, et al., ) ) ) | |
| Defendants. ) | |

**ORDER ON MOTION TO WITHDRAW AS COUNSEL**

On December 6, 2024, Attorney Stephen C. Whiting moved to withdraw as counsel for Rita Fox. *Att'y Whiting's* Ex Parte *Mot. to Withdraw as Counsel for Pl. Rita Fox* (ECF No. 176). In the motion, Attorney Whiting represents that, based on "significant disagreements between counsel and the Plaintiff regarding legal, strategic, and case management decisions," the attorney-client relationship has "irreparably broken down" and his continued representation of Ms. Fox "would not be productive." *Id.* at 1. He requests an ex parte hearing with the Court "open only to the Plaintiff and undersigned counsel" to explain the "specific details in support of the motion." *Id.* Commissioner Makin takes no position on the merits of the motion to withdraw but objects to the requested ex parte conference. *Def. Pender Makin's Resp. to Att'y Whiting's* Ex Parte *Mot. to Withdraw as Counsel for Pl. Rita Fox and Req. for* Ex Parte *Hr'g* (ECF No. 181). As the Commissioner envisions difficulties with the case at this stage in the proceeding now that both Mr. and Ms. Fox are acting pro se and are representing the interests of their child, the Commissioner suggests

1

that the Court might wish to hold a hearing, but with all counsel and parties present rather than on an ex parte basis. *Id.* at 3.

The Court grants Attorney Whiting's motion to withdraw as Plaintiff Rita Fox's counsel and denies the request for an ex parte hearing with the Court.[1] The Sixth Amendment right to counsel in criminal proceedings does not extend to civil litigation. *United States v. 6 Fox St.*, 480 F.3d 38, 45 (1st Cir. 2007). Unlike some motions to withdraw, Attorney Whiting makes no suggestion that new counsel will enter his or her appearance on behalf of Ms. Fox, nor has Ms. Fox asked for additional time to secure new counsel. Furthermore, Mr. Fox has been representing himself and his child in this case since March 8, 2024, when the Court granted Attorney Whiting's motion to withdraw as Mr. Fox's counsel. *See Mot. to Withdraw as Counsel for Pl. Gregory Fox* (ECF No. 100); *Order Granting Mot. to Withdraw as Att'y* (ECF No. 101).

If Mr. and Ms. Fox wish to represent themselves and their child, the Court must respect their wishes. The Foxes should be aware that in electing to represent themselves in complex civil litigation, their pro se status "does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d

---

[1] The Court reviewed one case cited by the Commissioner where a judge in this District held an ex parte hearing on a motion to withdraw. *Mr. and Mrs. C. v. Me. Sch. Admin. Dist. No. 6*, No. 2:06-cv-00198-DBH, 2008 WL 4656883 (D. Me. Oct. 15, 2008). But the situation in *Mr. and Mrs. C.* was unusual. The Plaintiffs' lawyers had moved to withdraw, and the Plaintiffs had objected to the motion. Furthermore, the dispute was about whether to file an appeal and the time within which the appeal must be taken was running short. Those circumstances seem quite distinct from this case.

In general, the Court is not inclined to order a hearing, ex parte or not, on whether Attorney Whiting may withdraw. The Court does not see any benefit from such a hearing. Attorney Whiting has an obligation to maintain client confidentiality, and the reasons for the dispute between Ms. Fox and himself are not relevant to whether he should withdraw. Attorney Whiting's representations that the attorney-client relationship has broken down are sufficient to justify the relief he is requesting.

886, 890 (1st Cir. 1997) (citing *Eagle Eye Fishing Corp. v. United States Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994)).  Although the Court will "liberally construe" their filings due to their pro se status, *MacDonald v. Cumberland Cnty. Sheriff*, No. 2:22-cv-00304-JAW, 2023 U.S. Dist. LEXIS 196607, at *5-6 (D. Me. Nov. 2, 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), the Court must remain neutral and will endeavor to apply the same procedural and substantive rules of law with equal force to each party, represented by counsel or not.

Moreover, the parties are now in the process of presenting the Court with *Daubert*[2] and dispositive motions.  These motions are invariably legally complicated and procedurally difficult, oftentimes challenging even experienced counsel.  The Foxes should be aware that they are potentially placing themselves and their child at a disadvantage in electing to represent themselves in this complex area of law.

Finally, Congress has provided that the law under which the Foxes are proceeding to attempt to vindicate constitutional rights, 42 U.S.C. § 1983, allows for attorney's fees to be assessed to the prevailing party.  *See* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce [§ 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs").  This is a means to encourage attorneys to take on cases where constitutional rights are at stake.  *Pérez-Sosa v. Garland*, 22 F.4th 312, 321 (1st Cir. 2022) (explaining that reasonable attorney's fees under § 1988 induce capable attorneys to undertake the representation of meritorious civil rights cases).  If the

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

3

Foxes wish to seek new counsel, the Court is amenable to giving them a short interval to do so. If so, they must inform the Court no later than one week from today—stated differently, by Thursday, December 19, 2024—that they would like the Court to stay the proceedings to allow them to obtain new counsel. In fairness to the other parties who have a right to an expeditious resolution of this case, if the Foxes wish to obtain a new lawyer, the Court will entertain only a brief period to allow them to do so, no longer than two weeks. If the Court does not hear from the Foxes by Thursday, December 19, 2024, the Court will assume they are proceeding pro se in this matter.

The Court GRANTS Attorney Whiting's Ex Parte Motion to Withdraw as Counsel for Plaintiff Rita Fox (ECF No. 176) effective December 20, 2024. The Court ORDERS Gregory Fox and Rita Fox to notify the Court no later than Thursday, December 19, 2024 whether they would like a brief stay of the case to seek new counsel. If so, the Court will stay the case for no longer than two weeks to allow them time to do so. If the Foxes do not so notify the Court by the end of the day on December 19, 2024, the matter will proceed with Gregory Fox and Rita Fox acting pro se for themselves and their child.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2024.