UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY FOX, *individually and as Parent of C.F.*, et al., ) </br> ) </br> Plaintiffs, ) </br> ) </br> v. ) </br> ) </br> PENDER MAKIN, *in her official capacity as Commissioner*, et al., ) </br> ) </br> Defendants. ) | No. 2:22-cv-00251-JAW |

**PRELIMINARY ORDER ON PROPOSED STIPULATION OF DISMISSAL**

On January 21, 2025, Assistant Attorney General (AAG) Kimberly L. Patwardhan filed a proposed Stipulation of Dismissal dismissing the claims brought by Plaintiff Rita Fox on her own behalf and on behalf of her child, C.F. *Stip. of Dismissal* (ECF No. 199) (*Stip.*). The proposed stipulation was filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which states:

**(a) Voluntary Dismissal,**

   **(1)** *By the Plaintiff*,

   **(A)** Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

   . . . .

   **(ii)** a stipulation of dismissal signed by all the parties who have appeared.

The proposed stipulation of dismissal was signed by Rita Fox, by AAG Patwardhan on behalf of Defendant Commissioner Pender Makin, and by Attorney Nathaniel

Bessey on behalf of Defendants Jeffrey Porter and Cory Munsey. *See Stip.* at 1-2. It was not, however, signed by Plaintiff Gregory Fox. *Id.*

A stipulation of dismissal is only effective without a court order if it has been signed by all the parties who have appeared. In *ITV Direct, Inc. v. Healthy Solutions, LLC*, 445 F.3d 66 (1st Cir. 2006), the Court of Appeals for the First Circuit wrote:

> [T]he district court's refusal to allow the voluntary dismissal was not error. An answer having been filed and all parties not having consented, Rule 41(a)(1) (which allows voluntary dismissal without approval of the court) did not apply and ITV and Healthy Solutions could only move to dismiss under Rule 41(a)(2), which requires the court's approval.

*Id.* at 70. The Court suspects the absence of Mr. Fox's name on the stipulation of dismissal was an oversight; nonetheless, it has the effect of rendering the proposed stipulation ineffective. *See Mt. Hawley Ins. Co. v. Felman Prod.*, No. 3:09-cv-0481, 2010 U.S. Dist. LEXIS 132841, at *3-4 (D.W. Va. Dec. 14, 2010) (defendants' refusal to sign stipulation meant plaintiff could voluntarily dismiss only by court order under Federal Rule of Civil Procedure 41(a)(2)).

The Court has directed the Clerk's Office not to take any action regarding the defective stipulation and will give the parties two weeks to file a revised version of the stipulation fully compliant with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) with Mr. Fox's acquiescence to the dismissal of his wife from the pending lawsuit. If no compliant stipulation is filed by then, the Court will dismiss the defective stipulation.

SO ORDERED.

                                                                          /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2025