UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GREGORY FOX, *individually and as Parent of C.F.*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:22-cv-00251-JAW ) |
| PENDER MAKIN, *in her official capacity as Commissioner*, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER ON MOTIONS TO SEAL**

Balancing the public's right of public access and the litigants' privacy rights, including the privacy rights of a minor, the Court grants in part and denies in part the parties' motions to seal documents filed in support of their dispositive motions.

**I.    BACKGROUND**

On July 22, 2022, Dr. Gregory Fox, individually and as parent of C.F.,[1] and Rita Fox, individually and as parent of C.F. (jointly, the Plaintiffs), filed a lawsuit in the Cumberland County Superior Court for the state of Maine against the state of Maine, the Maine Department of Education, Maine School Administrative District 51 (MSAD 51), and various state and local officials (collectively, the Defendants), alleging the Defendants violated the United States Constitution in promulgating and implementing a vaccination policy at MSAD 51. *Notice of Removal*, Attach. 1, *Compl.* (ECF No. 1). The Defendants initially identified themselves as forming two groups:

---

[1]    The Court refers to Dr. Fox's minor son by his initials, C.F., in accordance with the Federal Rule of Civil Procedure 5.2. *See* FED. R. CIV. P. 5.2(a)(3).

the State Defendants (the state of Maine, the Maine Department of Education, and Maine Department of Education Commissioner Pender Makin) and the School Defendants (MSAD 51, MSAD 51 Superintendent Jeffrey Porter, Mabel I. Wilson Elementary School Principal Sally Loughlin, and Mabel I. Wilson Elementary School Vice Principal Corey Munsey). *Id*. at 1, 3. On August 17, 2022, the case was removed to this Court. *Id*. at 1-3.

With the Court's permission, the Plaintiffs filed an amended complaint on December 14, 2022, that did not name either the state of Maine or the Maine Department of Education as defendants and thus left Commissioner Makin and the School Defendants as the only defendants. *Pls.' Mot. to Am. Compl.* (ECF No. 32); *Order* (ECF No. 41); *Pls.' Am. Compl.* (ECF No. 45).

Next, on August 16, 2023, ruling on motions to dismiss from Commissioner Makin and the School Defendants, respectively, the Court dismissed all claims against MSAD 51 and Principal Loughlin, who had retired, and further dismissed all claims for money damages against Commissioner Makin, Superintendent Porter, and Mr. Munsey.[2] *Order on Defs.' Mots. to Dismiss* (ECF No. 81). After the Court's order, the only surviving claims were against Commissioner Makin and the School Defendants (Superintendent Jeffrey Porter and Principal Corey Munsey) in their official capacities for declaratory and injunctive relief.[3] *Id*. On February 12, 2025,

---

[2] After Principal Loughlin retired, Mr. Munsey was promoted to principal of Mabel I. Wilson Elementary School. *Order on Defs.' Mots. to Dismiss* at 5, n.7.

[3] On November 20, 2023, the Plaintiffs moved to amend the amended complaint, seeking to modify their prayer for relief based on C.F. aging out of Mabel I. Wilson Elementary School and to add a claim for equitable reimbursement of the expenses paid to educate C.F. *Pls.' Second Mot. to Am. Compl.* (ECF No. 90). On February 22, 2024, a United States Magistrate Judge issued an order and

2

the parties filed a stipulation of dismissal, dismissing all claims brought by Rita Fox, on her own behalf or on behalf of C.F., with prejudice and without fees or costs to any party, *Stip. of Dismissal* (ECF No. 203), leaving Dr. Fox, individually and as parent of C.F., the sole plaintiff.

On June 6, 2025, following a period of discovery and motion practice, Commissioner Makin, the School Defendants, and Dr. Fox each filed respective motions for summary judgment. *Comm'r Makin's Mot. for Summ. J.* (ECF No. 214); *School Defs.' Mot. for Summ. J.* (ECF No. 215); *Pl.'s Mot. for Summ. J.* (ECF No. 216). In support of their respective motions, the Defendants filed a joint statement of material facts. *Defs.' Joint Supporting Statement of Material Facts* (ECF No. 212). Because of the purported sensitive nature of some supporting documents in the Defendants' Joint Statement of Material of Facts, they also filed a joint motion to seal, wholly and indefinitely, those documents. *Defs.' Joint Mot. to Seal.* (ECF No. 213) (*Defs.' Joint Mot.*).

On August 23, 2025, Dr. Fox filed oppositions to Commissioner Makin's and the School Defendants' summary judgment motions. *Pl. Dr. Fox's Opp'n to Comm., Makin's Mot. for Summ. J.* (ECF No. 228); *Pl. Dr. Fox's Opp'n to School Defs.' Mot.*

---

recommended decision on the second motion to amend complaint, recommending the Court grant the motion to amend the complaint insofar as it requests placement in the relevant school for the age of the Plaintiffs' child at the time of the judgment but deny the motion insofar as it requests equitable reimbursement. *Order and Recommended Decision on Mot. to Am. Compl.* at 13 (ECF No. 96). On July 11, 2024, over the objection of Dr. Fox, the Court affirmed the Magistrate Judge's recommended decision. *Order on Obj. to Recommended Decision* (ECF No. 118). Ms. Fox filed her second amended complaint on July 14, 2024, and Dr. Fox filed his second amended complaint on August 1, 2024, each of which incorporated the contents of the first amended complaint with revisions to the prayers for relief. *Pl. Rita Fox's Second Am. Compl.* (ECF No. 119); *Pl. Gregory Fox's Second Am. Compl.* (ECF No. 127).

*Summ. J.* (ECF No. 229). A few days later, on August 25, Dr. Fox moved to seal certain deposition transcripts cited in his recently filed oppositions. *Pl. Dr. Fox's Motion to Seal* (ECF No. 231) (*Dr. Fox's Mot.*). Similar to the Defendants' Joint Motion to Seal, Dr. Fox requested sealing certain deposition transcripts on the grounds they "contain[] confidential or sensitive information." *Id.* at 1.

On August 27, 2025, the Court issued an order requiring the parties to respond to its concerns about the overbreadth of their motions to seal. *Order to Resp.* (ECF No. 235). On September 8, 2025, Commissioner Makin responded to the order to respond. *Comm'r Makin's Resp. to Ct.'s Order to Resp.* (ECF No. 237) (*Makin Resp.*). On September 9, 2025, the School Defendants filed their response to the order to respond. *Sch. Defs.' Resp. to Ct.'s Order to Resp.* (ECF No. 241) (*Sch. Defs.' Resp.*). On September 11, 2025, Dr. Fox filed his response. *Pl.'s Mem. Responding in Support of Redaction and Sealing of Dep. Trs. (ECF 235)* (ECF No. 247) (*Dr. Fox Resp.*).

## II. THE PARTIES' RESPONSES

### A. Commissioner Makin's Response

In the Commissioner's response, she conceded that she took a "conservative approach" in moving to seal the summary judgment record. *Makin Resp.* at 1. Upon review of the Court order, the Commissioner agreed that the exhibits to Jessica Shiminski's declaration could be unsealed. *Id.* The Commissioner took no position regarding the School Defendants' response and wrote that she would not object to the redaction of the deposition transcripts of Gregory and Rita Fox in accordance with

4

Federal Rule of Civil Procedure 5.2 and the consent-to confidentiality order. *Id.* at 1-2; *Consent-to Confidentiality Order* (ECF No. 87).

### B. The School Defendants' Response

In the School Defendants' response, they addressed each filing separately. *Sch. Defs.' Resp.* at 1-4. First, they agreed that exhibits to Superintendent Porter's deposition could be unsealed and made public since C.F.'s full name and date of birth would be redacted. *Id.* at 2-3. Next, they took no position on the sealing of the Shiminski exhibits. *Id.* at 1. They also agreed with Commissioner Makin and did not object to redacting the Fox deposition transcripts in accordance with Rule 5.2 and the confidentiality order. *Id.* at 1-2. Regarding the deposition transcripts of Superintendent Porter and Principal Munsey, the School Defendants proposed redactions as opposed to wholesale sealing. *Id.* at 3-4.

### C. Dr. Fox's Response

First, Dr. Fox observes that the deposition transcripts of both his wife and himself contain "extensive medical information regarding minor children, as well as private details about family affairs, religious beliefs, and personal history." *Dr. Fox Resp.* at 2. Dr. Fox seeks "targeted redaction and, where necessary, sealing of clusters of medical information." *Id.* In addition to the privacy concerns about publishing health, vaccination status, and medical care of minor children, Dr. Fox points to "documented harassment, social isolation, and exclusion directed at Plaintiff's children and family." *Id.* Also, Dr. Fox says his proposed redactions protect "only

5

non-public, non-essential information." *Id.* Dr. Fox points out that the Court will have access to all information for its analysis and decision-making. *Id.*

Dr. Fox notes that pursuant to a court order, the videotape of Dr. Blaisdell's deposition was sealed to minimize the risk of harassment and the potential for technological misuse. *Id.* at 3. Dr. Fox worries that the availability of a transcript will create "a real risk of misuse, including selective editing, out-of-context publication, and manipulation by artificial intelligence." *Id.* Dr. Fox urges the Court to "apply the same protective rationale as in the Blaisdell order, and permit targeted redaction and partial sealing of clusters of medical information in the Fox deposition." *Id.* at 4. Dr. Fox observes that the issues in this case – involving state government authority, individual medical autonomy, and religious liberty – "are inherently polarizing and likely to provoke strong responses from activists and the public." *Id.* at 5. Dr. Fox reviews the extensive coverage of this controversy by the Bangor Daily News. *Id.* at 6-7; *id.*, Attach. 1 at 2-3.

### III. DISCUSSION

In their motions to seal, the parties requested that the Court seal the following:

(1) The exhibits to the Declaration of Jeffrey Porter;

(2) The exhibits to the Declaration of Jessica Shiminski;

(3) The deposition transcripts of Corey Munsey and Jeffrey Porter; and

(4) The deposition transcripts of Dr. and Ms. Fox;

First, the Court agrees that the exhibits to the declarations of Jeffrey Porter and Jessica Shiminski may be unsealed since these documents as resubmitted contain

redactions of C.F.'s full name and date of birth. Second, the Court agrees with the School Defendants' proposed redactions of the deposition transcripts of Corey Munsey and Jeffrey Porter.

Third, although the Court respects Dr. Fox's efforts to maintain his and his family's privacy, he has elected to file a lawsuit in federal court, where there is a right of public access to judicial records, and his proposed redactions to his wife's and his depositions are too extensive to comply with the First Circuit's teaching in *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), that mandates a presumption of public access to judicial records. *Compare Additional Attachs.* Attach. 1, *Dr. Fox Redacted Dep. Tr.* (ECF No. 248) (*Dr. Fox Redacted Tr.*), *with Pl. Gregory Fox's Mot. to Seal*, Attach. 1, *Dr. Fox Sealed and Unredacted Dep. Tr.* (ECF No. 231) (*Dr. Fox Unredacted Dep. Tr.*). For example, in his redacted version, Dr. Fox redacts the list of exhibits to his deposition. *See Dr. Fox Redacted Dep. Tr.* at 3. The Court does not know why merely a list of exhibits implicates any privacy concerns. Dr. Fox also redacts references to his post-secondary education. *See Dr. Fox Redacted Tr.* at 13:10-16:20. Again, especially as Dr. Fox is being referred to by his professional title in this litigation, the Court does not understand why his education, which is generally a matter of public record, should be redacted from the docketed transcript. The Court could go on.

In brief, the Court concludes that Dr. Fox has been much too aggressive in protecting his and his family's privacy in his proposed redactions to comply with the right of public access described in *Kravetz*. Even so, the Court will allow Dr. Fox's

redactions to stand for the moment. The parties filed the complete transcripts of each witness at the Court's request. The Court has discovered that when the parties file snippets of deposition transcripts in support of their statements of material fact, it is often difficult to understand the full context by the abridged versions alone. Thus, the entire transcript is not being submitted as a judicial record, and therefore falls on the edge of *Kravetz*. Instead, as the Court works through the facts submitted by the parties in support of the dispositive motions, if it is necessary to cite a portion of Dr. Fox's redactions, the Court will order that portion unredacted.

As a final caution, if this case goes to trial, the Court will enforce rigorously the right of public access, particularly as this case involves matters of public concern. This does not mean that evidence revealing the name and other details of the minor will be made public, but it does mean that the parties, including Dr. Fox, should anticipate that broad redactions similar to those contained in Dr. Fox's submissions will not remain confidential in a public trial.

## IV.   CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' Joint Motion to Seal. (ECF No. 213). The Court UNSEALS the deposition exhibits to the Declarations of Jeffrey Porter and Jessica Shiminski and UNSEALS as redacted the deposition transcripts of Corey Munsey and Jeffrey Porter.

The Court GRANTS in part and DENIES in part Plaintiff Dr. Fox's Motion to Seal (ECF No. 231). The Court UNSEALS as redacted the deposition transcripts of Dr. Gregory Fox and Rita Fox.

SO ORDERED.

                                                                        /s/ John A. Woodcock, Jr.
                                                                         JOHN A. WOODCOCK, JR.
                                                                         UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2025