UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GREGORY FOX, *individually*        )
*and as Parent of C.F.*,           )
                                   )
            Plaintiff,             )
                                   )
        v.                         )        No. 2:22-cv-00251-JAW
                                   )
PENDER MAKIN, *in her official*    )
*capacity as Commissioner*, et al., )
                                   )
            Defendants.            )

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED
MOTION FOR SUMMARY JUDGMENT TO CURE PROCEDURAL DEFECT**

At the conclusion of summary judgment briefing, a pro litigant moves to amend his motion with a statement of material facts, which he failed to include when he filed his summary judgment motion months earlier. Considering the requirements of the District of Maine Local Rules, excusable neglect, and pro se solicitude, the Court denies the pro se litigant's request to amend his summary judgment motion with an untimely statement of material facts.

**I.    BACKGROUND**

On July 25, 2022, Gregory Fox and Rita Fox, individually and on behalf of their child, then both represented by Attorney Stephen Whiting, filed a lawsuit in Cumberland County Superior Court against the state of Maine, the Maine Department of Education, State Commissioner of Education Pender Makin, Maine School Administrative District (MSAD) 51, and school officials, including the MSAD 51 Superintendent, a school principal and vice principal (the School Defendants), challenging on constitutional grounds MSAD 51's mandatory vaccination policy.

*Notice of Removal*, Attach. 1, *Compl.*  On August 17, 2022, the School Defendants removed the case from state to federal court.  *Id.*  The lawsuit has been intensely litigated.  The Defendants filed motions to dismiss, which were granted in part and denied in part on August 16, 2023.  *Order on Defs.' Mots. to Dismiss* (ECF No. 81).  The Magistrate Judge entered a scheduling order on August 31, 2023.  *Scheduling Order* (ECF No. 84).

On March 8, 2024, Attorney Stephen Whiting moved to withdraw as Dr. Fox's counsel, noting that Dr. Fox[1] had requested that he not represent him anymore, and on the same day, the Court granted the motion to withdraw as to Dr. Fox only.  *Mot. to Withdraw as Counsel for Pl. Gregory Fox* (ECF No. 100); *Order* (ECF No. 101).  Then, on December 6, 2024, Attorney Whiting filed a motion to withdraw as Ms. Fox's counsel, which the Court granted on December 12, 2024.  *Att'y Whiting's* Ex Parte *Mot. to Withdraw as Counsel for Pl. Rita Fox* (ECF No. 176); *Order* (ECF No. 182); *Am. Order.*  Ultimately Ms. Fox decided not to maintain her role in this civil action, and on February 12, 2025, her claims were dismissed by stipulation with prejudice, leaving Dr. Fox acting pro se as the sole plaintiff.  *Stip. of Dismissal* (ECF No. 203).

On March 19, 2025, the parties filed a proposed summary judgment briefing schedule in this longstanding case, *Proposed Summ. J. Briefing Sched.* (ECF No. 208), which the Court adopted that same day.  *Order* (ECF No. 209)  As a result, the following deadlines applied to the anticipated motions for summary judgment:

---

[1]    Gregory Fox refers to himself as Dr. Fox and the Court followed suit, according him the courtesy of his professional title.  *Amended Order on Mot. to Withdraw as Counsel* (ECF No. 187) (*Am. Order*).

(1)     May 2, 2025: due date for stipulations of fact and stipulated exhibits;

(2)     June 6, 2025: due date for motions for summary judgment and statements of material facts;

(3)     July 7, 2025: due date for oppositions to motions for summary judgment, responses and objections to movants' respective statements of material facts, and statements of additional material facts;

(4)     July 25, 2025: due date for replies to oppositions to motions for summary judgment, and responses and objections to non-movants' respective statements of additional material facts.

*Proposed Summ. J. Briefing Sched.* at 1.

On May 2, 2025, the parties began the summary judgment phase by filing two stipulations: (1) a stipulation as to the authenticity of copies; *Stip.* (ECF No. 210), and (2) a joint stipulation as to certain exhibits. *Jt. Stip. Ex. List* (ECF No. 211).

On June 6, 2025, Dr. Fox and the Defendants filed separate motions for summary judgment. *Comm'r Makin's Mot. for Summ. J.* (ECF No. 214); *Sch. Defs.' Mot. for Summ. J.* (ECF No. 215); *Pl.[']s Mot. for Summ. J.* (ECF No. 216). In support of their respective motions, the Defendants filed a thirty-one-page joint statement of material facts with record citations and twenty-two exhibits. *Defs.' Jt. Supp. Statement of Material Facts* (ECF No. 212). Dr. Fox, however, did not file a statement of material facts consistent with Local Rule 56(b). Instead, he filed an affidavit and eighteen exhibits untethered to a statement of material facts. *Decl. and Aff. of Pl. Gregory Fox* (ECF No. 217).

Because of injuries from an unfortunate car accident, Dr. Fox required surgery, and the Court, upon joint motions of the parties, extended the briefing schedule three

separate times, ultimately resetting the deadlines to respond to motions for summary judgment to August 22, 2025, and to reply to those responses by September 9, 2025. *Order* (ECF No. 219); *Order* (ECF No. 221); *Order* (ECF No. 223).

On August 22, 2025, the Defendants filed their responses to Dr. Fox's motion for summary judgment. *Comm'r Makin's Opp'n to Pl.'s Mot for Summ. J.* (ECF No. 226); *Sch. Defs.' Opp'n to Pl.'s Mot. for Summ. J.* (ECF No. 227). The Defendants also filed a joint statement of additional material facts. *Defs.' Jt. Statement of Additional Material Facts* (ECF No. 225). In their respective responses, the Defendants averred that Dr. Fox's failure to file a statement of material facts is sufficient grounds to deny his motion for summary judgment. *Comm'r Makin's Opp'n to Pl.'s Mot. for Summ. J.* at 1 n.1, 3-7; *Sch. Defs.' Opp'n to Pl.'s Mot. for Summ. J.* at 4-6.

Dr. Fox filed his response to the Defendants' respective motions for summary judgment the next day on August 23, 2025. *Pl. Gregory Fox's Opp'n to Comm. Makin['s] Mot. for Summ. J.* (ECF No. 228); *Pl. Gregory Fox's Opp'n to Sch. Defs.['] Mot. for Summ. J.* (ECF No. 229). Again, Dr. Fox did not file an objection to either Defendants' joint statement of material facts or their joint statement of additional material facts.

Instead, on August 25, 2025, Dr. Fox made three filings: (1) six documents, *Additional Attachs.* (ECF No. 230), (2) a motion to seal with three documents attached, *Pl. Gregory Fox's Mot. to Seal* (ECF No. 231), and (3) a motion to file consolidated response. *Mot. to File Consol. Resp.* (ECF No. 232). The last document requested the Court to allow Dr. Fox to file a consolidated response to the Defendants'

4

consolidated statements of material facts, which the Court immediately granted. *Order* (ECF No. 233). That same day, Dr. Fox filed his consolidated responses to the Defendants' joint statement of material facts. *Pl. Gregory Fox's Consol. Resp. and Evid. Objs. to State and Sch. Defs.' Statement of Material Facts in Support of Mot. for Summ. J.* (ECF No. 234).

About two weeks later, on September 8, 2025, Dr. Fox awakened to his failure to file a statement of material facts in support of his own dispositive motion and filed a motion for leave to cure what he termed a procedural defect. *Req. for Leave to File Am. Mot. for Summ. J. to Cure Procedural Defect* (ECF No. 236) (*Pl.'s Mot.*). With this motion, Dr. Fox also filed two attachments entitled, Plaintiff's Motion for Summary Judgment and Memorandum in Support Thereof, *id.*, Attach. 1, and Declaration of Gregory Fox in Support of Plaintiff's Request for Leave to Cure, Substituted Summary Judgment, and Statement of Material Facts. *Id.*, Attach. 2.

On September 9, 2025, the Defendants filed replies to Dr. Fox's responses to their respective motions for summary judgment and a consolidated response to his responses to their joint statement of material facts. *Defs.' Jt. Reply to Pl.'s Resps. to Defs.' Jt. Statement of Material Facts* (ECF No. 240); *Comm'r Makin's Reply Mem. in Support of Her Mot. for Summ. J.* (ECF No. 242); *Sch. Defs.' Reply Mem. in Support of Their Mot. for Summ. J.* (ECF No. 243).

That same day, although mislabeled, Dr. Fox filed his response to the Defendants' joint statement of additional material facts. *Pl.[']s Reply to Def[s'] Resps. to Pl.'s Statement of Additional Material Facts* (ECF No. 244). Then on September

10, 2025, Dr. Fox filed replies to the Defendants' responses to his motion for summary judgment. *Pl.[']s Reply to Comm'r Makin[']s Opp'n to Summ. J.* (ECF No. 245); *Pl.[']s Reply to Sch. Defs. Porter and Munsey Opp'n to Summ. J.* (ECF No. 246).

On September 26 and 29, 2025, the School Defendants and Commissioner Makin filed their respective oppositions to Dr. Fox's motion to cure his failure to file a statement of material facts. *Sch. Defs.' Opp'n to Pl.'s Req. for Leave to File Amended Mot. for Summ. J. to Cure Procedural Defect* (ECF No. 249) (*Sch. Defs.' Opp'n*); *Comm'r Makin's Opp'n to Pl.'s Req. for Leave to File Amended Mot. for Summ. J. to Cure Procedural Defect* (ECF No. 250) (*Comm'r's Opp'n*). On October 10, 2025, Dr. Fox filed his reply. *Pl.[']s Reply to State and Sch. Defs.' Opp'n to Substitution by Req. for Leave ECF 236* (ECF No. 251) (*Pl.'s Reply*).

Accordingly, summary judgment briefing concluded on September 10, 2025, when Dr. Fox filed his reply briefs. At this stage, the only pending motions on the docket, aside from Dr. Fox's motion to cure, are the parties' respective motions for summary judgment.

## II. THE PARTIES' POSITIONS

### A. Dr. Fox's Motion to Cure

Describing his failure to file a statement of material facts as a "technical defect," Dr. Fox asserts that his newly filed statement of material facts "does not alter the legal arguments, citations, or substantive content of the original motion." *Pl.'s Mot.* at 1. Dr. Fox maintains he has acted "in good faith to promptly cure a technical defect by preparing a substitute motion with separate statement of fact that complies

6

with Local Rule 56." *Id.* at 2. Dr. Fox calls upon the "inherent authority" of the district court to manage its docket and permit procedural corrections. *Id.* Reciting the significance of the issues in this case, Dr. Fox urges the Court to ensure that justice is served. *Id.* at 3.

Dr. Fox acknowledges that the Defendants should not be "prejudiced by the requested procedural correction," and as a remedy, Dr. Fox suggests that the Court allow the Defendants "a reasonable opportunity" to review the substituted motion and refile or amend their responses to the motion for summary judgment and statement of facts. *Id.* at 4.

### B.    The School Defendants' Opposition

The School Defendants reject Dr. Fox's description of his omission as a "technical defect." *Sch. Defs.' Opp'n* at 1. The School Defendants recite the history of this case and the delays, most, they say, caused by Dr. Fox. *Id.* The School Defendants maintain that Dr. Fox, even though acting pro se, has an obligation to comply with the local rules, especially since he demonstrated familiarity by citing them in previous filings. *Id.* at 5-6. The School Defendants worry of additional delay in an already overly delayed case if Dr. Fox's motion is granted. *Id.* at 6-9. Finally, they aver Dr. Fox's motion to cure is futile because his motion for summary judgment is non-meritorious. *Id.* at 9.

### C.    The Commissioner's Opposition

The Commissioner also disputes Dr. Fox's characterization of his miscue as a "technical defect" and urges the Court to deny his request. *Comm'r's Opp'n* at 1. The

Commissioner views Dr. Fox's motion as a demand to "re-file his motion for summary judgment and file, for the first time, a previously omitted, mandatory filing." *Id.* Citing caselaw, the Commissioner observes that pro se filers are not exempt from compliance with procedural and local rules. *Id.* at 2. The Commissioner presses the point that Dr. Fox has demonstrated his awareness of local rules by citing them and that the Court has repeatedly referred to the local rules in its orders. *Id.* at 2-3. The Commissioner stresses Dr. Fox did not suffer a technical defect but rather failed to follow a "substantive requirement" for which pro se status is no excuse. *Id.* at 4-6. Should the Court grant Dr. Fox's motion, the Commissioner worries of delay, expense, and prejudice for an effort she insists is ultimately futile. *Id.* at 6-9.

### D.    Dr. Fox's Reply

While acknowledging the Court's earlier observation that the summary judgment process is "notoriously technical," Dr. Fox reiterates his failure to file a statement of material facts is merely technical, not substantive, and is thereby unmoved by the Defendants' claims of prejudice. *Pl.'s Reply* at 1-4. Dr. Fox also complains about and expands upon what he contends is misconduct by opposing parties and counsel. *Id.* at 5-13. Lastly, Dr. Fox calls on the Court's "interest in fairness and justice" to grant his motion. *Id.* at 14-16.

## III.    DISCUSSION

### A.    Dr. Fox's Unexplained Differential Treatment of the Motions

It is difficult to square Dr. Fox's failure to comply with the local rules in his own summary judgment motion with his responses to the Defendants' motions for

8

summary judgment.  Dr. Fox filed a consolidated response to the Defendants' joint statement of material facts and even filed a reply to the Defendants' additional statement of material facts.  This is in stark contrast to his actions in his own motion, where he failed to file any statement of material facts at all.  The Court concludes that Dr. Fox knew about statements of material facts and for an unexplained reason simply did not file one in support of his own motion.

### B.    Failure to File a Statement of Material Facts is Not a Mere Technical Defect

The Court disagrees with Dr. Fox's repeated assertion that his failure to file a statement of material facts is a minor or technical error.  First, his failure violates District of Maine Local Rule 56, which requires the party moving for summary judgment to submit with their motion for summary judgment "a separate, short, and concise statement of material facts" to which the party opposing the motion must then respond with its own opposing statement admitting, denying, or qualifying each numbered paragraph, and supporting each qualification or denial with a record citation.  D. Me. Loc. R. 56(b)-(c).

Second, the Local Rules outline the consequence if a litigant fails to properly controvert the facts in opposing parties' statements of material facts.  Local Rule 56(g)(1) expressly provides that "[f]acts in a supporting or opposing statement of material facts, if supported by record citations, will be deemed admitted unless properly controverted."  D. Me. Loc. R. 56(g)(1).

Third, the usual result when a party fails to file a statement of material facts is that the court deems the facts properly submitted from the opposing party admitted

and the court rules on the dispositive motion considering only the party's written argument. *See Woods v. Barnies*, No. 2:21-cv-00364-GZS, 2023 U.S. Dist. LEXIS 176645, at *4 (D. Me. Oct. 2, 2023), *aff'd* 2023 U.S. Dist. LEXIS 192061 (D. Me. Oct. 26, 2023) ("Plaintiff has cited no record evidence to support the facts asserted in the statement. In accordance with Local Rule 56, I deem Defendant's facts to be admitted and do not consider the facts asserted in Plaintiff's statement as record evidence. I consider Plaintiff's filing as written argument in opposition to the motion for summary judgment").

Courts have long rejected Dr. Fox's contention that his failure to file statements of material fact is merely technical. *Jones v. Mass.*, Civil No. 16-11666-LTS, 2020 U.S. Dist. LEXIS 19862, at *1 n.3 (D. Mass. Feb. 3, 2020); *Dale v. H.B. Smith Co.*, 910 F. Supp. 14, 21 (D. Mass. 1995) (the failure to file a statement of material facts is more than "highly technical and nonprejudical" error). In *Almodovar v. Wilkie*, No. 1:19-cv-00166-LEW, 2020 U.S. Dist. LEXIS 240747, at *4-5 (D. Me. Dec. 22. 2020), addressing a party's failure to file a statement of material facts, the Chief Judge of the District of Maine wrote that "[t]his is more than procedural etiquette; noncompliance is fatal to a movant's request for summary judgment."

## C.    *Pioneer Investment Services* and Excusable Neglect

In *Tucker v. Lantmännen Unibake USA, Inc.*, 676 F. Supp. 3d 16 (D. Me. 2023), the Court addressed a party's failure to file a statement of material facts and analyzed the question under the excusable neglect standard established by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*

*Partnership*, which directs courts to consider "the danger of prejudice to the [other party]," the "length of the delay," its "potential impact on judicial proceedings," the "reason for the delay, including whether it was within the reasonable control of the movant," and whether the "movant acted in good faith." 507 U.S. 380, 395 (1993).

The problem with applying *Pioneer* to this case is that Dr. Fox has never explained why he failed to comply with the local rule in the first place. Although he has minimized the significance of his failure, accused others of misconduct, and urged leniency, Dr. Fox 's submissions are silent as to why he did not comply with the local rules. Dr. Fox's silence lies in stark contrast to Attorney Loranger's excusable neglect in *Lantmännen*. Attorney Loranger was undergoing cancer treatment while the filings were due and had failed to make timely and adequate filings. *See Lantmännen*, 676 F. Supp. 3d at 19-20.

Dr. Fox was fully aware of the need for his motion for summary judgment to be supported by a statement of material facts. In his pre-filing memorandum, Dr. Fox wrote:

> **4. ESTIMATED FACTUAL STATEMENT LENGTH:** Plaintiff[] estimates that he will need to file forty (60) (sic) statements of material facts.

*Pl. Gregory Fox's Pre-filing Rule 56(h) Mem*. at 8 (ECF No. 145). Dr. Fox further wrote:

> **5. ESTIMATED RECORD:** The Plaintiff's Statement of Facts will be supported by deposition excerpts and documents used as exhibits during those depositions. Plaintiff[] estimates that the total number of pages will be between 100 and 150.

*Id.*

Moreover, Dr. Fox was warned.  On September 18, 2024, the Court cautioned Dr. Fox at the Local Rule 56(h) conference, when it informed Dr. Fox that "[m]otions for summary judgment are notoriously technical" and even experienced members of the bar sometimes "don't do them well."  *Tr. of Proceedings* at 5:3-5 (ECF No. 156). The Court then spent a fair amount of time describing the proper practice for filing statements of material facts, making objections to those statements, and filing additional statements of material facts.  *Id.* at 5:19-10:5.  Thus, at the Local Rule 56(h) conference, the Court placed Dr. Fox on notice of what the Rules require regarding the filing of statements of material facts and the Court's preferred practices.  Despite this explicit caution from the Court, however, Dr. Fox ignored the requirements of the local rule and failed to file any supporting statement of material facts for his own motion.

Applying the remaining criteria under *Pioneer*, the prejudice to the Defendants is apparent.  The Defendants have already responded to Dr. Fox's motion for summary judgment, which included briefing on the significance of his failure to file a statement of material facts in support of his motion.  Thus, they have expended time and effort, and in the case of private counsel, attorney's fees payable by their client, to research and compose a legal argument that would be obviated if Dr. Fox were allowed to file a late statement of material facts.  The delay in the resolution of this already much delayed case would also be significant because the Defendants would have to revise their responses, including their oppositions to Dr. Fox's motion for summary judgment and would have to prepare responses to his newly filed statement

12

of material facts.  Dr. Fox would then have the right to file replies to their responses. The Court predicts that the delay in the disposition of Dr. Fox's motion would be significant, thus similarly delaying resolution of the entire case, a case that has been pending since July 22, 2022.

Guided by the *Pioneer* criteria, the Court concludes that Dr. Fox has failed to demonstrate excusable neglect for his failure to file a statement of material facts.  The Court concludes that the filing of a statement of material facts was within Dr. Fox's reasonable control and notes that Dr. Fox has not proffered any explanation for his failure.  The Court has no reason to conclude that Dr. Fox has not acted in good faith.

In *Lantmännen*, the Court discussed another factor: effective default.  676 F. Supp. 3d at 24-25.  Quoting First Circuit authority, the Court observed that "federal law favors the disposition of cases on the merits," default judgment is generally disfavored and is considered a "drastic" sanction to be used only in "extreme" situations.  *Id.* (quoting *Stewart v. Astrue*, 552 F.3d 26, 28 (1st Cir. 2009) (quoting *Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir. 1977)).  Here there is no concern for effective default.  To the contrary, because Dr. Fox is the plaintiff and seeks summary judgment, the result of a denial of his motion due to his failure to file a statement of material facts will not be default but a trial on the merits.

## D.    Pro Se Solicitude

A final factor is the solicitude courts extend to pro se litigants.  "[A]s a general rule, [courts] are solicitous of the obstacles that pro se litigants face," holding their "pleadings to less demanding standards than those drafted by lawyers."  *Dutil v.*

13

*Murphy*, 550 F.3d 154, 158-59 (1st Cir. 2008). This concession, however, is subject to "reasonable limits." *See id.*; *Doe v. Solvay Pharms., Inc.*, 350 F. Supp. 2d 257, 260 n.3 (D. Me. 2004) (pro se litigants "must be held generally to the same standards as an attorney"). Also, Dr. Fox, who is a professional and a man of intelligence, has demonstrated "a capacity for understanding and articulating the issues" and thus "may reasonably be extended fewer allowances than a pro se litigant who is hopelessly out of his depth." *Sena v. Kenneway*, 997 F.3d 378, 387 (1st Cir. 2021). In fact, Dr. Fox has cited the local rules in some of his prior filings, confirming that he has been aware of the local rules and the need to comply with them. *See Pl.[] Gregory Fox's Reply Mem. of Fact and Law in Support of his Obj. to Magistrate's Recommended Decision, ECF No. 103* at 1 (ECF No. 106).

Finally, Dr. Fox was originally represented in this case by respected counsel, Attorney Stephen C. Whiting from its initiation in Cumberland County Superior Court for the state of Maine on July 22, 2022, until Dr. Fox entered his pro se appearance, requested that Attorney Whiting withdraw his representation, and Attorney Whiting moved to withdraw his representation of Dr. Fox on March 8, 2024. *Notice of Appearance* (ECF No. 98); *Mot. to Withdraw as Counsel for Pl. Gregory Fox* (ECF No. 100). In granting Attorney Whiting's withdrawal, this Court warned Dr. Fox it would "apply the same procedural and substantive rules of law with equal force to each party, represented by counsel or not." *Order on Mot. to Withdraw as Counsel* at 3 (ECF No. 182). Furthermore, as noted earlier, the Court took the time to describe

the process involving statements of material fact and the need for careful compliance.
*Tr. of Proceedings* at 5:3-5 (ECF No. 156).

Dr. Fox has a right to represent himself, but there has been no suggestion that
Dr. Fox could not afford to retain counsel.  Instead, he elected to proceed on his own.
Consequently, the Court concludes the solicitude afforded pro se litigants does not
justify Dr. Fox's failure to comply with the local rules in this case.

## IV.    CONCLUSION

The Court DENIES Gregory Fox's Request for Leave to File Amended Motion
for Summary Judgment to Cure Procedural Defect (ECF No. 236).  The Court will
accept the Defendants' statements of material facts and will rule as a matter of law
on Dr. Fox's motion, assuming the Defendants' facts alone.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2025