**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

GREGORY FOX

Plaintiff,

v.

COMMISSIONER PENDER MAKIN,
SUPERINTENDENT JEFFREY PORTER,
AND PRINCIPAL CORY MUNSEY

Defendants.

DOCKET NO: 2:22-CV-0251-JAW

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this Notice of Supplemental Authority as the United States Supreme Court issued its decision to grant certiorari in the case of *Miller v. McDonald*, No. 25-133, 2025 WL 3506969 (U.S. Dec. 8, 2025), following the parties' submissions for and against summary judgment in this case. Respectfully, *Miller* is germane and relevant to the issues the Court now considers, here, as explained below, and the Court should consider the decision in *Miller* when deciding on whether or not to issue summary judgment in this case.

In *Miller* the U.S. Supreme Court summarily vacated the decision of the Second Circuit Court of Appeals affirming a motion to dismiss for failure to state a claim a complaint challenging the constitutionality of New York's school immunization law repealing religious beliefs exemptions for student immunizations. The Court remanded to the Second circuit court of Appeals with express instruction to consider *Mahmoud v. Taylor*, 606 U.S. 522 (2025) on remand. Vacating and Remanding the case to the lower court is an express indication that, contrary to Defendants' position, *Mahmoud*, does alter the analysis applicable to the pending motion to dismiss in *Miller*. It similarly alters the analysis in this case.

1

In *Mahmoud*, the United States Supreme Court held that parents of public elementary school students were entitled to a preliminary injunction opting their children out of instruction on LGBTQ+ inclusive storybooks. *Id. at 530.* The holding and reasoning in *Mahmoud* are more expansive than Defendants' claims them to be. The Court ruled that the instruction posed "a very real threat of undermining the religious beliefs and practices that the parents wish to instill." *Id.* (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 218 (1972) (quotation marks omitted). Maine's repeal on religious exemptions to school vaccinations posed the exact same threat. The fact that the parents in both *Miller* and *Yoder* belonged to the Amish faith was not, in and of itself, a determinative factor. The parents in *Mahoud* were Muslim.

The Court reached its holding in *Mahmoud* because the parents were likely to succeed on their claims that the "*policies* unconstitutionally burden their religious exercise." *Id*. at 546 (emphasis added). Such policies and laws, like the repeal of Maine's religious beliefs exemptions, "substantially interfere with the religious development of children." *Id.* (quoting *Espinoza v. Montana Dept. of Revenue*, 591 U.S. 464, 486 (2020).

The Supreme Court's order in *Miller* confirms that *Yoder* and *Mahmoud* are applicable precedents in this case and that they represent a line of cases holding that laws like the one at issue in this case are unconstitutional burdens on religious exercise.

DATED at Portland, this 16th day of January 2026.

Respectfully Submitted,

/s/ Jeffrey Bennett

_____

Jeffrey Bennett, Esq. Bar #7223
Legal-Ease, LLC P.A.
Two City Center, 4th Floor
Portland, ME 04101
207-805-0055

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/EMF NO. system, which will send notification to the counsel of record. I further served Defendants via email to Attorneys Nathaniel Bessey and AAG Kimberly Patwardhan.

/s/ Jeffrey Bennett

_____

Jeffrey Bennett, Esq. Bar #7223